UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOGINDER SINGH,                                                    Case No.: 1:25-cv-00776

                                Plaintiff,                    **AMENDED ANSWER and COUNTERCLAIM**

   -against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH, and
LAKHVINDER SINGH,

                                Defendants.
---------------------------------------------------------X

       Defendants TOPLINE NYC CONTRACTING INC., TOPLINE NYC INC., GURPREET SINGH, and LAKHVINDER SINGH, by their attorney, LILA AYERS, ESQ., allege the following, as and for their answer to the complaint:

       1.     Deny the allegations in paragraphs 1-8 and state that the real nature of this action is that defendants helped plaintiff by starting a construction business in his name, for which he not only consented but was very grateful.  However, having access to the parties' business bank account made withdrawals for his own personal use in the amount of $300,000 or more.  Also, as a result of plaintiff's theft, defendants were required to create a new corporation and pay fees to transfer work permits in the amount of $100,000 or more.

       2.     Denies having knowledge and information as to the truth of the allegations in paragraph 9 as to where plaintiff resides, but denies plaintiff was an employee of defendants.

       3.     Admits the allegations in paragraphs 10-15.

       4.     Paragraphs 16-18 are legal conclusions for which no response is required.

5. Deny the allegations in paragraphs 19-22.

6. Denies knowledge and information as to the truth of the allegations in paragraphs 23.

7. Denies the allegations in paragraphs 24-47.

8. Denies the allegations in paragraphs 48-59.

9. Denies the allegations in paragraphs 60-115.

10. In response to paragraph 116, defendants repeat their responses to paragraphs 1-115.

11. Denies the allegations in paragraphs 117-129.

12. In response to paragraph 130, defendants repeat their responses to paragraphs 1-129.

13. Denies the allegations in paragraphs 131-136.

14. In response to paragraph 137, defendants repeat their responses to paragraphs 1-136.

15. Denies the allegation in paragraphs 138-154.

16. In response to paragraph 155, defendants repeat their responses to paragraphs 1-154.

17. Paragraphs 156 and 161-165 contain legal conclusions for which no response is required.

18. Denies the allegations in paragraphs 157-160.

19. Denies the allegations in paragraphs 166-168.

20. In response to paragraph 169, defendants repeat their responses to paragraphs 1-168.

21. Denies the allegations in paragraphs 170-175.

22. In response to paragraph 176, defendants repeat their responses to paragraphs 1-175.

23. Admit the allegations in paragraph 177.

24. Denies the allegations in paragraphs 178-181.

25. In response to paragraph 182, defendants repeat their responses to paragraphs 1-181.

26. Denies the allegations in paragraphs 183-185.

27. In response to paragraph 186, defendants repeat their responses to paragraphs 1-185.

28. Denies the allegations in paragraphs 187-189.

29. In response to paragraph 190, defendants deny plaintiff has a right to a jury trial for causes of action that are equitable in nature.

30. Denies plaintiff is entitled to any relief requested.

### AS AND FOR A FIRST DEFENSE

31. Plaintiff has failed to state a cause of action for which relief may be granted.

### AS AND FOR A SECOND DEFENSE

32. Any and all damages allegedly suffered by defendant, are due to his own intentional, willful, grossly negligent, and/or negligent acts or omissions.

### AS AND FOR A THIRD DEFENSE

33. Plaintiff has unclean hands.

### AS AND FOR A FOURTH DEFENSE

34. Plaintiff was never an employee of defendants.

### AS AND FOR A FIFTH DEFENSE

35. Plaintiff is equitably estopped from obtaining any relief.

### AS AND FOR A SIXTH DEFENSE

36. Plaintiff is collaterally estopped from obtaining any relief.

### AS AND FOR A SEVENTH DEFENSE

37. Plaintiff breached his fiduciary duty to defendants and is barred from obtaining any relief.

### AS AND FOR AN EIGHTH DEFENSE

38. Plaintiff failed to mitigate any alleged damages.

### AS AND FOR A NINTH DEFENSE

39. Plaintiff failed to properly plead a claim for fraud.

**WHEREFORE**, defendants respectfully request that this Court grant to them a judgment dismissing the complaint in its entirety with prejudice, together with costs, disbursements, and reasonable attorney's fees.

### AS AND FOR A COUNTERCLAIM

Defendants, by their attorney, LILA AYERS, ESQ., alleges the following as and for their counterclaim against plaintiff:

1. Plaintiff was a newly arrived immigrant and the individual defendants were related family members.

2. To help plaintiff, defendants formed a corporation for plaintiff to work and make money, Topline NYC Contracting, Inc. Plaintiff was well aware defendants did this and approved it.

3. Defendants also opened bank accounts for said corporations and deposited

4

funds for plaintiff to use for business expenses and to take in revenues received.

4. Defendant Gurpreet Singh attempted to purchase an item from the business account and found that the balance was very low.

5. He contacted the bank and learned that plaintiff had withdrew and converted some $300,000 for his own use.

6. Since plaintiff could not be trusted with defendants' monies, defendants were required to transfer permits from the corporation owned in plaintiff's name to another entity, costing defendants over $100,000 in fees to the New York City Department of Buildings.

7. Plaintiff later learned that his whole family were aware that he stole monies from the family business.

8. In response, he filed the instant lawsuit, apparently to save face in his family.

## AS AND FOR A FIRST COUNTERCLAIM

9. Defendants repeat paragraphs 1 through 8.

10. Plaintiff improperly used defendants' bank accounts and converted defendants' assets for his personal use.

11. The misuse of defendants' assets for plaintiff's personal use was unauthorized and not intended to benefit defendants, only plaintiff personally.

12. Through his access to defendants' assets and finances, plaintiff exercised dominion and control over defendants' property, thereby interfering with defendants' right to possession of same.

13. As a direct and proximate result of plaintiff's wrongful conversion of defendants' assets, defendants were damaged and continue to be damaged in the amount

5

of over $300,000.

14. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

### AS AND FOR A SECOND COUNTERCLAIM

15. Defendants repeat paragraphs 1 through 14.

16. Plaintiff misrepresented and/or made material omissions of fact, known by plaintiff to be false at the time made.

17. More specifically, plaintiff misrepresented the nature and/or purpose of plaintiff's payments and/or withdrawals as legitimate business purchases, when, in reality, they were made by plaintiff for plaintiff's personal use and financial gain at defendants' expense.

18. At the time plaintiff made the misrepresentations and/or omissions, he did so with intent to induce defendants' reliance.

19. As a result of the foregoing, plaintiff was damaged.

20. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

### AS AND FOR A THIRD COUNTERCLAIM

21. Defendants repeat paragraphs 1 through 20.

22. Plaintiff received a substantial economic benefit from his unlawful conduct.

23. Plaintiff received compensation and/or benefits exceeding that which he is entitled to.

24. Defendants received no consideration in connection with plaintiff's receipt of the above benefits.

25. As a direct and substantial result of plaintiff's wrongful actions, defendants have suffered and continue to suffer substantial damages.

26. Thus, plaintiff has been unjustly enriched at defendants' expense.

27. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## AS AND FOR A FOURTH COUNTERCLAIM

28. Defendants repeat paragraphs 1 through 27.

29. Plaintiff as business partner of defendants owed a duty of good faith and loyalty to defendants in performance of plaintiff's duties.

30. Plaintiff owed defendants undivided and unqualified loyalty and was prohibited from acting in any manner contrary to defendants' interests.

31. Plaintiff as business partner was further required to make truthful and complete disclosure to defendants.

32. Plaintiff breached his duty of loyalty by converting monies of defendants for his own use.

33. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## AS AND FOR A FIFTH COUNTERCLAIM

34. Defendants repeat paragraphs 1 through 33.

35. It is well established that a business associate or agent or employee forfeits his right to compensation for services rendered by him if he proves disloyal.

36. Plaintiff breached his duty of loyalty to defendants by perpetuating fraud against defendants and converting over $300,000 for his own personal use.

37. Accordingly, an order should be entered requiring plaintiff to disgorge to defendants all compensation received by plaintiff during their course of dealing.

38. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## AS AND FOR A SIXTH COUNTERCLAIM

39. Defendants repeat paragraphs 1 through 38.

40. Plaintiff took custody of defendants' property under circumstances that would render it equitable for plaintiff to return such property to its rightful owner upon due demand. Such custody created a fiduciary relationship.

41. Plaintiff diverted and converted, or otherwise misappropriated funds belonging to defendants.

42. It would be just and equitable for this Court to impose a constructive trust to attach to the rest of defendants' funds and property that was diverted, converted, or otherwise misappropriated by plaintiff from the time it entered into his possession.

43. Plaintiff, and any agents through which defendants' funds passed or to whom funds were wrongly transferred would be unjustly enriched if permitted to retain those funds or any benefits accruing therefrom.

44. Accordingly, each and every unauthorized or unlawful transfer of defendants'

funds during the period of trust should be disgorged and paid over together with prejudgment interest.

45. In addition, each and every tangible item purchased by plaintiff, with defendants' consent with defendants' funds during the period of trust should be disgorged and handed over to plaintiffs.

46. Permitting plaintiff, and any cohorts, to retain defendants' funds, assets, or any benefit therefrom, would be unfair and unjust and, in light of the totality of the circumstances, warrants imposition of a constructive trust under equitable principles of New York law.

47. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

**DEMAND FOR A JURY TRIAL**

48. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendants demand a trial by jury on all triable issues in the counterclaim.

**WHEREFORE**, defendants respectfully request that judgment be entered against plaintiff on each of the counterclaims in an amount to be determined by this Court but over $300,000, plus over $100,000 to mitigate damages, together with exemplary and punitive damages in the amount of $1,500,000, along with interest, costs, disbursements, and attorney's fees.

Dated:  Mount Vernon, NY
         March 25, 2025

*Lila Ayers*
LILA AYERS, ESQ.
Attorney for Defendants
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com