**Lila Ayers, Esq.**
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
<lilaayerslaw@aol.com>

April 8, 2025

<u>Via ECF</u>

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
   Eastern District of New York

            Re:    **Singh v. Topline NYC Contracting Inc., et al.**
                     Case no. 1:25-CV-00776

Dear Magistrate Judge Scanlon:

      This office represents defendants. What follows is defendants' letter motion for the following relief: (1) pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, granting defendants an order permitting them to amend their Amended Answer and Counterclaim (Doc. 13), annexed as **Exhibit A**, as set forth in the proposed Second Amended Answer and Counterclaim, annexed as **Exhibit B**; (2) pursuant to Rule 26(f), granting defendants an order permitting them to subpoena banking records of Topline NYC Contracting Inc. prior to the parties' Rule 16 conference.

<u>Factual Background</u>

      I recently was able to fully discuss the facts of this case with defendant Lakhvinder Singh ("Lakhvinder"), with a translator, as I have not been able to do previously. My clients were worried that a default judgment might be entered against them so I quickly e-filed an answer and then made a quick amended answer.

      Turns out that the facts are *the opposite* of what is set forth in the complaint. Defendants, in particular, Lakhvinder, went to plaintiff, a trusted relative, to form a corporation. *Notably*, plaintiff was the "sophisticated party" in their dealings. Lakhvinder was unaware of how to form a corporation in New York State and thought plaintiff would help him. Plaintiff formed Topline NYC Contracting, Inc. ("Topline"), with himself listed as president and sole shareholder. *See*, Articles of Incorporation of Topline, Exh. A of the Second Amended Answer, **Exhibit B**. According to Lakhvinder, such arrangements were quite common in India and he trusted plaintiff fully. The business address plaintiff chose for Topline was that of his granddaughter — upon information and belief, plaintiff made all payments on the property.

      Topline proved to be a successful venture and Lakhvinder sought to remove plaintiff's name from the corporation and its bank account. Plaintiff had made many excuses for not meeting and signing papers to accomplish this. Finally, Lakhvinder decided to go to the bank and review Topline's account. He was shocked to see a low balance and made further inquiries to find that plaintiff made unauthorized withdrawals of large sums of cash *and* wrote checks in large amounts to himself and his wife. Again, plaintiff had *no role* in the management or

**Hon. Vera M. Scanlon, U.S.M.J.**               -2-                    April 8, 2025

operations of Topline, nor, did his wife.  There was no reason plaintiff to do *any* transaction, much less what he did.  Some examples of plaintiff's theft of defendants' funds are annexed as **Exhibit C**.  Further, even if plaintiff did have a role in running the corporation, there would be no legitimate reason for him to make such large cash withdrawals to himself or write large checks to himself and his wife.

This Court should grant defendants' motion to amend their Amended Answer and Counterclaim

Rule 15(a)(2) states that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."  The court's "discretion is broad and its sound exercise usually depends on the presence or absence of such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Browning Debenture Holder's Committee v. DASA Corp.*, 560 F.2d 1078, 1086 (2d Cir. 1977).  Clearly none of these factors are here.  This case is in its infancy and plaintiff has still not filed his reply to defendants' counterclaim.

This Court should grant defendant's motion to subpoena banking records of Topline NYC Contracting, Inc. prior to the Preliminary Conference

Parties generally may not engage in discovery before a Rule 16 conference unless authorized by court order. According to Rule 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when authorized by court order. *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y.2019).  This rule is designed to ensure that discovery is conducted in an orderly manner and after the parties have had an opportunity to discuss and plan their discovery needs.

However, expedited discovery can be granted if there is a showing of good cause. Courts have discretion to allow discovery before the Rule 26(f) conference if good cause is shown. *Id.* Courts apply a flexible standard of reasonableness and good cause when considering such requests. *Id*.  The examples of embezzlement by plaintiff provided in **Exhibit C**, make clear that a subpoena of the banking records of Topline will be very fruitful.

Defendants had previously e-filed a notice of intention to subpoena records (Doc. 14) on April 1, 2025.  Plaintiff's lawyer emailed this office and stated the subpoena was premature, i.e., prior to the preliminary conference.  Upon reflection, defendants would like to proceed with the subpoena, **Exhibit D**, immediately.  (Of course, if plaintiff wishes to move to quash the subpoena, he can do so as part of his opposition to the instant motion.)

According to Rule 902 of the Federal Rules of Evidence, certain items of evidence, including certified domestic records of regularly conducted activities, are self-authenticating and require no extrinsic evidence of authenticity to be admitted.  Specifically, Rule 902(11) allows for the self-authentication of domestic business records if they are accompanied by a certification that meets the requirements of Rule 803(6). *United States v. Hunt*, 534 F.Supp.3d 233 (E.D.N.Y.2021).  By subpoenaing the records, defendants can obtain proper certification.

**Hon. Vera M. Scanlon, U.S.M.J.**             -3-                April 8, 2025

    Defendants would like to proceed expeditiously with a motion for judgment on the pleadings and/or motion for summary judgment based on the records obtained by subpoena. There is no valid reason why they need to wait to the conclusion of the Rule 16 conference to do so.
.

Conclusion

    In light of the above, this Court should issue an order as follows: (1) permitting defendants to upload their Second Amended Complaint and Counterclaim; (2) permitting to immediately subpoena the bank records of Topline.

                                          Respectively submitted,

                                          *Lila Ayers*

                                          Lila Ayers

cc: Emmanuel Kaaev, Esq.