UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Case No. 1:25-cv-00776
JOGINDER SINGH,

                                      Plaintiff,    **NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS**

    -against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH,
and LAKHVINDER SINGH,

                                      Defendants.
-----------------------------------------------------------X

       **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure that plaintiff intends to serve the attached subpoena to produce documents on or after April 15, 2025 on the following:

Capital One
Attn: 12070-7000 (Subpoena Dept.)
15000 Capital One Drive
Richmond, VA 23238-1119

Dated:  Mount Vernon, NY
         April 8, 2025

*Lila Ayers*

LILA AYERS, ESQ.
Attorney for Defendants
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для
Eastern District of New York

Joginder Singh
*Plaintiff*

v.    Civil Action No. 1:25-CV-00776

Topline NYC Contracting Inc., et al.
*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Captial One Bank, Attn: 12070-7000 (Subpoena Dept.), 15000 Capital One Drive, Richmond, VA 23238-1119

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached document list

| Place: Office address below | Date and Time: 04/29/2025 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/08/2025

CLERK OF COURT

OR    /s/ Lila Ayers

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Topline NYC Contracting Inc., et al., _____, who issues or requests this subpoena, are:
Lila Ayers, Esq., 8 East Prospect Avenue, Suite A1, Mount Vernon, NY 10550

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Account of Topline NYC Contracting Inc.
92-19 101st Avenue
Ozone Park, NY 11416
Acct No. ███████
EIN ███████

For the period of November 30, 2018 to April 1, 2025 any and all original documents (or copies where originals are not available), in the bank's custody or subject to its control, that in any way relate to the Topline NYC Contracting Inc., or to any checking, savings, or loan accounts for, by records, notes, electronic communications, including any electronic data transaction file reflecting, referring or relating to it, on behalf of it, or in trust for it, or in combination with it and any other person or entity, including but not limited to:

1. Account opening documents, including signature cards, and any changes made, including power of attorney or adding or subtracting individuals from the account.

2. Accounting closing documentation.

3. Change of address.

4. Trusted contact form or names of persons permitted view only.

5. Monthly statements.

6. Powers of attorney.

7. Deposit tickets and offset items.

8. Withdrawals: slips and type.

9. Checks, back and front.

10. Bank checks: certified checks, cashier's checks, official checks, or teller's checks.

11. Money orders.

12. Wire transfers: in or out of the account, with detail showing origins and destinations, account numbers and financial institutions, any other ACH documentation.

13. Debit card activity and location.

14. Prepaid and debit cards.

15. ATM withdrawals and location.

16. Related credit card activity.

17. Mortgage documents: including opening documents, periodic statements and subsequent amendments or changes of any kind, tax returns, payment history and method and financial statements of any kind, including documents from the title attorney.

18. Loan documents: including opening documents, periodic statements and subsequent amendments or changes of any kind; tax returns, payment history and method, financial statements of any kind.

19. Any and all teller notes and bank employee notes of any kind.

20. Notary log, with transactions related to customer.

21. Currency transaction reports.

22. Tax statements: Forms 1099 and any other relevant local, state, or federal tax forms.

23. Safe Deposit Box records including opening documents, signature cards, access record logs, and any closing documents.

24. Any and all online banking information, including email or other addresses.

Case 1:25-cv-00776-NCM-VMS   Document 16-4   Filed 04/08/25   Page 5 of 5 PageID #: 152

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).