# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

April 8, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Vera M. Scanlon, U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

  Re: **Singh v. Topline NYC Contracting Inc.,** *et al.*
     <u>**Case No.: 1:25-cv-776 (NCM) (VMS)**</u>

Dear Judge Scanlon:

  This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter response in opposition to Defendants' letter motion for leave to amend the pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and for leave to engage in early discovery pursuant to Rule 26.

  Plaintiff is puzzled by Defendants' letter motion for leave to amend the pleadings. On April 1, 2025, Defendants inquired as to whether Plaintiff would agree to their anticipated motion, and your undersigned asked to see a copy of the proposed amended pleading so that Plaintiff could provide its position, which the Defendants offered to do "tomorrow morning," i.e., April 2, 2025. Instead of providing the proposed pleading, Defendants shot off the instant motion on April 8, 2025 and did so in violation of the Local Civil Rules ("LCR"), which requires that all motions pursuant to Rule 15 must also include as an exhibit a clean copy of the proposed amended pleading and a version of the proposed pleading that shows, through redlining, underling, strikeouts, etc., all differences from the pleading that it is intended to amend or supplement. <u>See</u> LCR § 15.1(a). Based on the foregoing infirmity, Defendants' letter motion must be denied.

  Defendants' Rule 26(f) application for early discovery must meet a similar fate. This is because Defendants failed to meet-and-confer as required by Local Civil Rule 37.3 and Rule 37. <u>See</u> <u>Caccavale v. Hewlett-Packard Co.</u>, No. 20- CIV.-974 (GRB) (AKT), 2021 WL 12306166, at *2 (E.D.N.Y. July 13, 2021) ("the Court finds that the parties did not spend enough time fulfilling their obligations pursuant to Local Rule 37.3, which provides: 'Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)'").

  In any event, Plaintiff's motion must be denied for the reasons set forth below on the merits.

Case 1:25-cv-00776-NCM-VMS   Document 17   Filed 04/08/25   Page 2 of 3 PageID #: 154

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 8, 2025
P a g e | 2

Under Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order." See Fed. R. Civ. P. 26(d). When considering such requests, courts in this Circuit apply a "flexible standard of reasonableness and good cause." See Strike 3 Holdings, LLC v. Doe, 1:23-cv-05438-MKV, 2023 WL 6607111, at *1 (S.D.N.Y. Oct. 10, 2023) (quoting Digital Sin, Inc. v. John Does 1–176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); Strike 3 Holdings, LLC v. Doe, 19-CV-5818 (AT) (JLC), 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019)).

In weighing whether a party has demonstrated good cause for the purposes of Rule 26(d), courts generally apply the Arista test[1] laid out by the Second Circuit. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 19-CV-1152 (MPS), 2019 WL 3859514, at *2 (D. Conn. Aug. 16, 2019); Corey Sipkin Photography LLC v. ABC Corp., 23-cv-4754 (LJL), 2023 WL 6881683, at *1 (S.D.N.Y. Oct. 17, 2023). In Arista Records, LLC v. Doe 3, the court held that the principal factors governing such a determination include:

> (1) [the] concrete[ness of the party's] showing of a *prima facie* claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy[.]

See 604 F.3d 110, 119 (2d Cir. 2010) (alterations in original except as to one, changing plaintiff to party) (quoting Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004)).

In Defendants' application, they only argue that good cause is present and that the early discovery sought will be "very fruitful." However, Defendants failed to tend the garden where they planted the fruit by analyzing the factors set forth in the case they cite.

These factors militate in favor of denying their request because: (i) Defendants have not made a showing of a *prima facie* claim of actionable harm; (ii) the discovery request is overly broad on its face; (iii) there are alternative means to obtain the subpoenaed information; (iv) there is no need for the subpoenaed information to advance the claim in light of the fact that the parties have possession, custody, or control of the materials sought; and (v) the privacy factor is neutral.

For the foregoing reasons, Plaintiff's letter motion must be denied as premature, and Plaintiff should be Ordered to meet-and-confer, as required, prior to filing any additional letter motions.

---

[1] See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010).

2

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 8, 2025
P a g e | 3

Dated: Lake Success, New York
       April 8, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff
Joginder Singh*

**VIA ECF**
Lila Ayers, Esq.
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220 (office)
lilaayerslaw@aol.com

*Attorneys for Defendants
Topline NYC Contracting Inc.,
Topline NYC Inc.,
Gurpreet Singh, and
Lakhvinder Singh*