# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

April 9, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Vera M. Scanlon, U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

      Re:    **Singh v. Topline NYC Contracting Inc.,** *et al.*
               **Case No.: 1:25-cv-776 (NCM) (VMS)**

Dear Judge Scanlon:

      This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff writes for relief due to Defendants' failure to follow the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") by filing documents containing bank account numbers without redacting same as required by Rule 5.2. This abject failure warrants sanctions.

      Rule 5.2 clearly dictates how parties are to file Court documents which contain an "individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." <u>See</u> <u>Scharnhorst v. Cantrall</u>, No. 5:22-CIV.-5138 (TLB), 2023 WL 3012022, at *2 (W.D. Ark. Mar. 31, 2023), <u>report and recommendation</u> <u>adopted</u> <u>sub</u> <u>nom.</u> <u>Scharnhorst v. Cantrell</u>, No. 5:22-CIV.-5138, 2023 WL 3010191 (W.D. Ark. Apr. 19, 2023) (<u>citing</u> Fed. R. Civ. P. 5.2(a)).

      It is within the inherent authority of the Court to sanction a party for violating this (or any other) procedural rule. <u>See</u> <u>Engeseth v. Cnty. of Isanti, Minn.</u>, 665 F. Supp. 2d 1047, 1048 (D. Minn. 2009) (sanctioning plaintiff's counsel for failing to comply with Rule 5.2 because "[a]lthough electronic filing significantly improves the efficiency and accessibility of [ ] the court system, it also elevates the likelihood of identity theft and damage to personal privacy when lawyers fail to follow federal and local rules"). And courts exercise their discretion in favor of issuing sanctions for violations of Rule 5.2. <u>See</u> <u>Allstate Ins. Co. v. Linea Latina De Accidentes, Inc.</u>, 2010 WL 5014386, at *2–3 (D.Minn. Nov. 24, 2010) (imposing sanctions of $300 and pay for credit monitoring for violations of Rule 5.2); <u>see</u> <u>also</u> <u>Baker v. FirstCom Music</u>, No. 16-CIV.-8931 (VAP) (JPRX), 2018 WL 2584814, at *9 (C.D. Cal. Jan. 16, 2018) ($300.00 fine).

      Here, this Court should exercise its discretion in favor of awarding sanctions for Defendants' failure to comply with Rule 5.2 where the financial account numbers related to the parties are repeatedly shown unredacted. Indeed, ECF Docket Entry 16-2 is rife and replete with unredacted financial account numbers in violation of Rule 5.2 such that sanctions must be issued. Prior to filing the instant letter motion, Plaintiff wrote to Defendants at 2:08 PM yesterday demanding that action be taken no later than 5:00 PM that day, but Defendants have failed to respond. Accordingly, in light of the exigencies, Plaintiff submits the instant letter motion.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 9, 2025
P a g e | 2

Dated: Lake Success, New York
      April 9, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA ECF**
Lila Ayers, Esq.
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220 (office)
lilaayerslaw@aol.com

*Attorneys for Defendants*
*Topline NYC Contracting Inc.,*
*Topline NYC Inc.,*
*Gurpreet Singh, and*
*Lakhvinder Singh*