# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

April 14, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Vera M. Scanlon, U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

    Re:    **Singh v. Topline NYC Contracting Inc.,** *et al.*
            <u>Case No.: 1:25-cv-776 (NCM) (VMS)</u>

Dear Judge Scanlon:

    This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter motion for leave to file a reply in further support of its motion for sanctions. Defendants brought to your Plaintiff's attention that this Court's Individual Practice Rules ("Individual Rules") prohibit replies on letter motions. <u>See</u> Individual Rules ¶ III(b).

    Supplemental filings on motions fully submitted require leave of court. <u>See</u> <u>Ruggiero v. Warner-Lambert Co.</u>, 424 F.3d 249, 252 (2d Cir. 2005) (finding that the plaintiff could have "sought to file a responsive sur-reply" in district court); <u>see</u> <u>also</u> <u>Sevilla v. Perez</u>, No. 15-CIV.-3528, 2016 U.S. Dist. LEXIS 131549, at *2 n.5 (E.D.N.Y. Sept. 26, 2016) ("[The plaintiff] did not seek leave to file the sur-reply and the court did not grant permission for the filing of a sur-reply; this contravenes the general principle that supplemental filings require leave of the court."); <u>Endo Pharm. Inc. v. Amneal Pharm., LLC</u>, No. 12-CIV.-8060, 2016 U.S. Dist. LEXIS 57420, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]").

    District courts have discretion to permit a litigant's sur-reply. <u>See</u> <u>Kapiti v. Kelly</u>, No. 07-CIV.-3782, 2008 U.S. Dist. LEXIS 20135, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a [sur-reply] is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of [the] court authorize litigants to file [sur-replies]."); <u>see</u> <u>also</u> <u>SEC v. Xia</u>, 21-CIV.-5350 (PKC) (RER), 2022 U.S. Dist. LEXIS 126176, at *3 (E.D.N.Y. July 15, 2022).

    In this case, there is ample good cause for this Court to exercise its discretion in favor of granting Plaintiff's letter motion for leave to file a reply letter in further support of its motion for sanctions. The short one-page letter will aid this Court in making a determination on the motion and addresses (and refutes) the sole argument raise by Defendants as why they should not be sanctioned. Accordingly, Plaintiff's reply should be considered.

    Plaintiff thanks this honorable Court for its time and attention to this case.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 14, 2025
P a g e | 2

Dated: Lake Success, New York
      April 14, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA ECF**
Lila Ayers, Esq.
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220 (office)
lilaayerslaw@aol.com

*Attorneys for Defendants*
*Topline NYC Contracting Inc.,*
*Topline NYC Inc.,*
*Gurpreet Singh, and*
*Lakhvinder Singh*