UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOGINDER SINGH,

                      Plaintiff,

    -against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH, and
LAKHVINDER SINGH,

                      Defendants.
-----------------------------------------------------------------X

Case No.: 1:25-cv-776 (NCM) (VMS)

**JOINT PROPOSED CIVIL CASE MANAGEMENT PLAN**

**The Parties/Counsel who conferred in drafting this Joint Proposed Case Management Plan:**

    **For Plaintiff:** Emanuel Kataev, Esq., Sage Legal LLC, counsel for Plaintiff Joginder Singh.

    **For Defendants:** Lila Ayers, Esq., counsel for Defendants Topline NYC Contracting Inc., Topline NYC Inc., Gurpreet Singh, and Lakhvinder Singh

A. **Do the Parties request referral to the Court's ADR program?** Yes: ☒ No: ☐

    Plaintiff respectfully requests referral to the Court's ADR Program.
    Defendants: Do not wish to have a referral at this time.

B. **Do the Parties consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)?**

    Yes: ☐    If yes, fill out the AO 85 Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form and file it on ECF. https://www.uscourts.gov/forms/civilforms/notice-consent-and-reference-civil-action-magistrate-judge

    No: ☒    If no, do not indicate which Party declines consent.

C. **The Parties may wish to engage in settlement discussions.**

    If so, Plaintiff will serve demand by **April 30, 2025**. Defendant will respond by **May 14, 2025**.

D. **Defendant answered the Complaint on March 24, 2025. See ECF Docket Entry 13.**

a. The Parties will serve Rule 26(a)(1) initial disclosures by **May 2, 2025**, if not yet done.

b. The Parties will serve initial document requests and interrogatories on or before **May 31, 2025**.

c. Any joinder and/or amendments of the pleadings must be made by **June 30, 2025**.

d. The Parties will complete fact discovery by **December 31, 2025.**

e. If the Parties perform expert discovery, they will serve initial disclosures by _____; initial expert reports by _____; and rebuttal expert reports on or before _____. **N/A – not anticipated.**

f. All discovery, including expert depositions, will be completed by **December 31, 2025**, and the Parties will file a joint letter certifying the close of all discovery by this same date.

g. Other considerations the Parties wish to bring to the Court's attention, such as the need for electronic discovery or Confidentiality Order:

   i. **Electronic Discovery & Protective Order.**

   Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties have agreed to meet and confer before seeking intervention from the Court.

   The Parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif).

   At this time, the Parties do not anticipate any issues regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or the Defendant determine, in good faith, that additional information is needed, the Parties will discuss

the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or the Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The Parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The Parties shall confer and then submit a jointly proposed protective order to the Court.

ii. **Electronic Service.**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **PARTY:** | **E-MAIL SERVICE ADDRESSES:** |
|---|---|
| Plaintiff Joginder Singh | Emanuel Kataev, Esq. (emanuel@sagelegal.nyc) <br> Mia Kristensen (mkristensen@consumerattorneys.com) <br> Irina Iakovleva (iiakovleva@consumerattorneys.com) |
| Defendants Topline NYC Contracting Inc., Topline NYC Inc., Gurpreet Singh, and Lakhvinder Singh | Lila Ayers, Esq. (lilaayerslaw@aol.com) |

Respectfully submitted this 15th day of April 2025.

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

_/s/ Lila Ayers, Esq._
Lila Ayers, Esq.
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com

*Attorney for Defendants Topline NYC*
*Contracting Inc., Topline NYC Inc., Gurpreet*
*Singh, and Lakhvinder Singh*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: */s/ Emanuel Kataev, Esq.*