**Lila Ayers, Esq.**
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com

April 12, 2025

*Via ECF*

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

    Re: Singh v. Topline NYC Contracting Inc., et al.
       1:25-cv-00776-NCM-VMS

Dear Judge Scanlon:

  The following is my and my client's response to plaintiff's letter motion for sanctions, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure (Doc. 18), dated April 9, 2025.

Facts

  Plaintiff is correct, defendants had inadvertently included *my own client's bank account number* when submitting Exhibit C to their letter motion (Doc. 16). I personally take the obligation to redact personal information seriously, as I had done so in submitting Exhibit D, the subpoena for the banking records.

  Plaintiff is also correct that his counsel sent me an email regarding this error. However, I was busy with another matter and have not had an opportunity to address his email (and this motion) until now.

Plaintiff's motion for sanctions should be denied, as he does not have standing

  *Significantly*, the bank account information was for the account of *defendant* Topline NYC Contracting Inc. This Court had noted: "when an individual files their *own* sensitive information with a court—failing to redact or seal that information—the protections of Rule 5.2(a) are waived as to that individual. *See* Fed. R. Civ. P. 5.2(h)." *Zou v. Han*, 2024 WL 1704704 (E.D.N.Y. 2024). Defendant Topline did not wish to reveal its banking information, but it is the only party who could be damaged by this inadvertent disclosure. Plaintiff was not damaged, and could not be, by the revelation of Topline's banking information so he has no standing to move for sanctions. *Cf.*, *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003) ("To establish Article III standing, a plaintiff must ... allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief.").

**Hon. Vera M. Scanlon** -2- April 12, 2025

Accordingly, this Court should deny plaintiff's motion for sanctions.

<u>Defendant would like the opportunity to redact</u>

The Court in *Zou* noted that "if a person files such PII by mistake, that individual may seek relief from the court but must overcome the public's presumptive right of access if it is a judicial document." On behalf of defendant Topline, it is respectfully requested that this Court issue an administrative order permitting it to remove the unredacted Exhibit C and re-file a redacted version.

Thank you for your attention to this.

Very truly yours,

*Lila Ayers*

Lila Ayers

cc: Emanuel Kataev