**Lila Ayers**
From: lilaayerslaw@aol.com
To: Emanuel Kataev
Sun, May 25 at 4:45 PM

Hi Mr. Kataev,

Please find defendants' first request for production of documents.

Lila Ayers, Esq.
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
tel:  (914) 699-5220
fax:  (914) 699-3740

This electronic message transmission and any accompanying attachments are intended for the person to whom it is addressed.  This message and any attachments maybe or is being sent by or on behalf of an attorney and may contain information that is privileged, confidential or otherwise protected from disclosure by state and federal law. If you have received this transmission, but are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this e-mail in error, please respond immediately to the sender and delete and destroy the original message and all copies, including any accompanying attachments.

- 
    Singh first request for production.pdf
    
    161.9 kB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No. 1:25-cv-00776
JOGINDER SINGH,

                                    Plaintiff,       **DEFENDANTS' FIRST REQUEST**
                                                              **FOR PRODUCTION OF**
     -against-                                            **DOCUMENTS**

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH,
and LAKHVINDER SINGH,

                                    Defendants.
------------------------------------------------------------X

To:    Emanuel Kataev
        Sage Legal LLC
        Attorney for Plaintiff
        182-11 Jamaica Avenue
        Jamaica, NY 11423-2327

      Pursuant to Fed. R. Civ. P. 34, defendants request that plaintiff produce and permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

INSTRUCTIONS AND DEFINITIONS

      A.  As used therein, the term "document" means each and every form of communication and includes, without limitation, all written, printed, typed, recorded, audio/digitally recorded, voice recorded, any materials maintained electronically (including, but not limited to electronic mail, word documents, Portable Document Format (PDF) files, Joint Photographic Experts Group (JPEG) files, Tagged Image File Format (TIF) files, or Graphic Interchange Format (GIF) files) or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of

1

any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules transparencies, recordings, audio/digital recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, digital/audio recordings, voicemail recordings, brochures, pamphlets, or any written or recorded materials of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes. The term "document" includes not only originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents. Any document with marks such as initials, comments or notations of any kind is not identical to one without such marks and is to be produced as a separate document.

 B. As used herein, the terms "communicate" or "communication" means any oral, written, audio/digitally recorded, voice recorded, or electronic transmission of information, including meetings, discussions, conversations, telephone calls, electronic mail messages, memoranda, letters, analyst reports, telecopies, facsimiles, conferences, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, digital/audio recordings, voicemail recordings, or other media of any kind.

 C. As used herein, "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the

identification of that person.

D.  As used herein, "identify (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

E.  As used herein, "and/or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

F.  The term "fact" includes all circumstances, events and evidence pertaining to, relating to, or touching upon the matter in question.

G.  As used herein "pertaining to" means consisting of, constituting, evidencing, reflecting, comprising, relating to or referring to in any way relevant within the meaning of the Federal Rules of Civil Procedure.

H.  With respect to any document request which is objected to on grounds that such request is overbroad, irrelevant, and/or unduly burdensome, state the objection and state all information requested which can be provided without undue burden, and/or which is relevant or might lead to the discovery of admissible evidence, and/or which is otherwise not subject to objection.

I.  These document requests shall be deemed to be continuing; requiring each defendant to serve upon plaintiff amended or supplemental documents promptly after said defendant has acquired them.

J.  You must answer each document request fully and completely, after making reasonable inquiries to obtain the documents. If you cannot answer any document request fully and completely after making responsible inquiries, you should answer the document request to the best of your ability and explain why you cannot give a full and complete answer.

K.  If you claim that part of any response is privileged or otherwise immune from discovery; (a) identify the ground for your claim of privilege or immunity (for example,

3

attorney client privilege); (b) identify the privileged documents or communication by date, author, each and every recipient, and general subject matter; and (c) provide all information which responds to this request and does not fall within your claim of privilege or other immunity.

L. "Representative" means and shall include each and every present and former director, officers, employee, agent or other person acting or purporting to act on behalf of any entity (including, but not limited to, a partnership, corporation, etc.) or any predecessor, subsidiary, affiliates, agent, division or department thereof.

M. In the event that any document requested is not in your possession, custody or control, please specify what disposition was made of it and by whom such document is now possessed, held in custody or controlled.

N. In the event that any document requested has been destroyed, please specify the date of destruction, manner of destruction, the reason for destruction, the person authorizing destruction, the person destroying the documents and the custodian of the document on the date and time of destruction.

O. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

P. The terms "person" or "persons" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

Q. The terms "you" or "your" refers to you, including, without limitation, your agents, assigns, attorneys, representatives, and anyone acting or purporting to act on your behalf.

R. The words "and" and "or" shall be interpreted both conjunctively and disjunctively.

S. The singular includes the plural and the plural includes the singular.

T. The term "Complaint" shall mean the Complaint in this action.

U.  This First Request for Production of Documents imposes a continuing obligation upon you to make further and supplemental document production if, between the time of the original production and the time of trial, you receive or generate additional documents satisfying the request set forth below.

V.  Unless otherwise specified, plaintiff is to produce the original of the requested document(s) and/or representatives for inspection.

## REQUESTS FOR PRODUCTION

1. All documents identified in plaintiff's initial disclosure.

2. All communications between plaintiff and defendants between 2018 and the present.

3. All documents that support plaintiff's contention that he was an employee of defendants.

4. All documents that support plaintiff's contention that defendants engage in interstate commerce, as alleged in paragraph 19 of the complaint.

5. All documents that support plaintiff's contention that defendants paid him $18,500 per year, as alleged in paragraph 25 of the complaint.

6. All documents that support plaintiff's contention that his signature was forged as alleged in paragraph 27 of the complaint.

7. All documents that support plaintiff's contention that over 1,800 permits were filed with the Department of Buildings in plaintiff's name as alleged in paragraph 31 of the complaint.

8. All documents that support plaintiff's contention that defendants forged plaintiff's signature on twenty-one checks as alleged in paragraph 34 of the complaint.

9. All documents that support plaintiff's contention that defendants engaged in mail fraud and wire fraud as alleged in paragraph 36 of the complaint.

10. All documents that support plaintiff's contention that defendants engaged in racketeering activities for seven years as alleged in paragraph 80 of the complaint.

11. All documents that support plaintiff's contention that defendants employed at least 40 employees as alleged in paragraph 85.  Please identify all such employees.

12. All documents that show any agreement(s) between plaintiff and defendants, from 2018 to the present, including, but not limited to, that identified in paragraph 100.

13. All documents that demonstrate all hours plaintiff worked for defendants from 2018 to the present.

14. All paystubs or other documents showing all compensation received by plaintiff from defendants from 2018 to the present.

15. All documents relating to plaintiff's termination, as alleged in paragraphs 107-08 of the complaint.

Dated: Mount Vernon, NY
       May 25, 2025

*Lila Ayers*
Lila Ayers, Esq.
Attorney for Defendants
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com