# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

July 22, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Vera M. Scanlon, U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

    Re:    <u>Singh v. Topline NYC Contracting Inc., *et al.*</u>
             <u>Case No.: 1:25-cv-776 (NCM) (VMS)</u>

Dear Judge Scanlon:

    This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter response in opposition to Defendants' letter motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and for a protective Order pursuant to Rule 26.

    Defendants have once again failed to meet-and-confer as required by Rule 37 in relation to both of their motions. <u>See</u> <u>Caccavale v. Hewlett-Packard Co.</u>, No. 20- CIV.-974 (GRB) (AKT), 2021 WL 12306166, at *2 (E.D.N.Y. July 13, 2021) ("the Court finds that the parties did not spend enough time … to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)'"). As such, the motion must be denied as premature.[1]

    In any event, Plaintiff's motion must be denied for the reasons set forth below on the merits. Plaintiff has completed its responses to the Defendants' discovery demands and is compiling all responsive documents, currently totaling ninety-three (93) pages. Plaintiff expects to provide these responses within a week's time.

    Defendants move for a protective Order in an effort to stymie discovery from moving forward. This effort to delay, delay, delay must be denied, especially in light of Defendants' failure to: (i) meet-and-confer as required to make such a motion; (ii) cite the applicable legal standard and authorities necessary to support relief in the form of a protective Order; and (iii) cite any decision by a court forbidding a party from seeking discovery during the time fact discovery remains open.

---

[1] Although Defendants reached out via email on July 8, 2025, your undersigned was in the throes of preparation for an evidentiary hearing before the Hon. Lewis J. Liman, U.S.D.J. in the matter of <u>Legacy Restoration, LLC v. Barajas</u>, Case No.: 1:25-cv-5319 (LJL) (OTW), which took place all day on Wednesday, July 9, 2025 and Wednesday, July 16, 2025. As a result, your undersigned demonstrates good cause and excusable neglect in failing to respond to Defendants' correspondence, which did not request Plaintiff's availability to meet-and-confer as required, only for a response. <u>See</u> ECF Docket Entry 29-2. This is simply insufficient.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
July 22, 2025
P a g e | 2

    For the foregoing reasons, Defendants' letter motion must be denied as premature, and Defendants should be Ordered to meet-and-confer, as required, prior to filing any additional letter motions.

Dated: Lake Success, New York
       July 22, 2025                     Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                        */s/ Emanuel Kataev, Esq.*
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        *Attorneys for Plaintiff*
                                        *Joginder Singh*

**VIA ECF**
Lila Ayers, Esq.
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220 (office)
lilaayerslaw@aol.com

*Attorneys for Defendants*
*Topline NYC Contracting Inc.,*
*Topline NYC Inc.,*
*Gurpreet Singh, and*
*Lakhvinder Singh*