# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

September 22, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Natasha C. Merle, U.S.D.J.
225 Cadman Plaza East
Courtroom 2F North
Brooklyn, NY 11201-1804

      Re:    **Singh v. Topline NYC Contracting Inc.,** *et al.*
              <u>Case No.: 1:25-cv-776 (NCM) (VMS)</u>

Dear Judge Merle:

      This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. In anticipation of his motion to dismiss Defendants' counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiff respectfully submits this letter[1] motion for a pre-motion conference. <u>See</u> ECF Docket Entry <u>13</u>.

### I.    Defendants' Counterclaim for Conversion Fails to State a Claim for Relief

      Bare and conclusory allegations are insufficient under the federal pleading standards, which require factual content that allows the court to draw a reasonable inference of liability. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>see</u> also <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (pleadings must contain more than "labels and conclusions" or "a formulaic recitation of the elements").

      Conversion under New York law requires a plaintiff to allege ownership or a superior right to specific, identifiable property and wrongful dominion by another. <u>See</u> <u>Colavito v. N.Y. Organ Donor Network, Inc.</u>, 8 N.Y.3d 43, 49–50 (2006). "'A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession.'" <u>See</u> <u>Coughlan v. Jachney</u>, 473 F. Supp. 3d 166, 200 (E.D.N.Y. 2020) (internal citations omitted). Crucially, "[c]onversion requires the defendant to exclude the true owner from exercising her rights over the goods at issue." <u>See</u> <u>Superb Motors Inc. v. Deo</u>, 776 F. Supp. 3d 21, 85 (E.D.N.Y. 2025) (internal citations omitted); <u>see</u> also <u>Zebra Strategies, Inc. v. Gonzalez-Nazario</u>, 764 F.Supp.3d 144, 160 (S.D.N.Y. 2025) ("having access and control is not sufficient to show conversion under New York law, which requires also "that the defendant exclude the owner from exercising her rights over the goods").

---

[1] Plaintiff was unable to find this Court's Individual Rules, but respectfully submits that it erred on the side of caution in presuming that there exists a pre-motion conference requirement. <u>See</u> Fed. R. Civ. P. 1.

Courts also routinely dismiss conversion claims where alleged damages are unsupported or duplicative of other causes of action. See Command Cinema Corp. v. VCA Labs, Inc., 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) ("A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations. There is no conversion action where damages are sought for breach of contract. Rather, a plaintiff must show acts that were unlawful or wrongful as opposed to violations of contractual rights").

Here, Defendants merely allege, in conclusory terms, that plaintiff "improperly used" their accounts and converted assets in an amount of over $300,000.00. See ECF Docket Entry 13 at ¶¶ 10, 13. However, they fail to identify any specific account, transaction, date, or what "personal use" Plaintiff allegedly converted such assets for. Id. at ¶ 11. Defendants thus fail to state a claim for conversion under New York law.

In addition, Plaintiff was an authorized signatory with access to the accounts at issue. One cannot "convert" property to which one has lawful access. See Coughlan, 473 F. Supp. 3d at 200. Further, Defendants do not allege any facts pertaining to how Plaintiff prevented Defendants from exercising their rights over their own assets. See Superb Motors, Inc., 776 F. Supp. 3d at 85.

Finally, Defendants' claimed damages—including $100,000 in regulatory permit fees—are speculative, as Defendants do not adequately allege how Plaintiff proximately caused such damages by any alleged conversion. This claim, which is vague and also duplicative of Defendants' other theories, such as unjust enrichment and breach of fiduciary duty, must therefore be dismissed.

## II.   Defendants' Counterclaim for Fraud Is Insufficiently Pled and Must Be Dismissed

Under Rule 9(b) "a party must state with particularity the circumstances constituting fraud." This means the pleading must meet a "heightened" standard, specifying the who, what, when, where, and how of the alleged misrepresentation. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (cited in In re IBM Arbitration Agreement Litigation, 76 F.4th 74, 87 (2d Cir. 2023)).

Here, Defendants fail to meet this heightened standard in alleging fraud. Defendants merely allege that "[P]laintiff misrepresented the nature and/or purpose of [P]laintiff's payments and/or withdrawals as legitimate business purchases," without specifying the when, where, and how as required under Rule 9(b). See ECF Docket Entry 13 at ¶ 17; see also Lerner, 459 F.3d at 290. Further, Defendants' allegations continue to speculate that payments and/or withdrawals "were made by [P]laintiff for [P]laintiff's personal use and financial gain at [D]efendants' expense", again, without explaining any factual basis for this inference. See ECF Docket Entry 13 at ¶ 17.

Based on the foregoing, Defendants' second counterclaim for fraud must also be dismissed.

### III. Defendants' Third Counterclaim for Unjust Enrichment Is Duplicative and Fails

Unjust enrichment requires Defendants to plead that (1) the plaintiff was enriched, (2) at the defendants' expense, and (3) equity and good conscience require restitution. See Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011). Unjust enrichment requires some relationship or dealings between the parties. See Georgia Malone & Co. v. Rieder, 19 N.Y.3d 511, 516-517 (2012) ("although the plaintiff was not required to allege privity, it had to assert a connection between the parties that was not too attenuated").

Courts routinely dismiss unjust enrichment claims that are pled in bare terms. See Clark v. Daby, 300 A.D.2d 732-733 (3d Dept. 2002) ("the mere fact that the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment", i.e. where any benefit to defendant is "purely incidental"). The claim "is not a catchall cause of action to be used when others fail" and is not available where it duplicates tort or contract claims. See Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012). Further, courts in this district routinely dismiss unjust enrichment claims as duplicative where they rest on the same facts as other claims. See Nelson v. MillerCoors, LLC, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017).

Here, Defendants counterclaim for unjust enrichment is inadequate on its face. First, Defendants plead no facts showing that plaintiff's alleged "benefits" came at their direct expense. See ECF Docket Entry 13 at ¶¶ 23-24. Second, Defendants do not allege any kind of connection between themselves and Plaintiff that would establish some relationship, connection, or history of dealings. For this reason, Defendants' fail to state a claim for unjust enrichment.

Further, Defendants' allegations regarding unjust enrichment mirror their counterclaims for conversion and fraud, by echoing the same vague facts regarding alleged misuse of funds. This is duplicative, and amounts to the unjust enrichment claim being included as a mere catchall, which the Court of Appeals has cautioned against and frowned upon.

Therefore, Defendants' third counterclaim must be dismissed.

### IV. Defendants' Fourth Counterclaim for Breach of Fiduciary Duty Similarly Fails

Breach of fiduciary duty claims are dismissed where parties fail to adequately allege; merely labeling a relationship a "partnership" or "joint venture" is insufficient by itself. See Northern Shipping Funds I, LLC v. Icon Capital Corp., 921 F. Supp. 2d 94, 101-102 (S.D.N.Y., 2013) (cited in I Candy by JW LLC v. Spin Master Ltd., 2018 WL 11697440, at *12 (E.D.N.Y., 2018)); see also Twombly, 550 U.S. at 555 (pleadings must contain more than "labels and conclusions"). Establishing a fiduciary relationship is "necessarily fact-specific, [and] grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions. […] If the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them." See N. Shipping Funds, 921 F. Supp. 2d at 101-102.

3

Here, Defendants' allegation that Plaintiff was a "business partner" is a great mischaracterization of the facts. See ECF Docket Entry 13 at ¶ 29. Indeed, Plaintiff was merely a construction laborer, employed by Defendants. See ECF Docket Entry 1 at ¶ 24. Either way, under both sets of pleadings, the allegations therein are inadequate to establish the existence of some level of trust placed in Plaintiff by Defendants. Although an employee's duties may involve a higher level of trust warranting a fiduciary relationship, Defendants fail to allege any such facts here, resulting in the necessary finding that Defendants fail to state a claim for relief on their breach of fiduciary duty claim.

Therefore, Defendants' fourth counterclaim must be dismissed.

### V.     **Defendants' Fifth Counterclaim for an Accounting Is Improper**

"The elements of an equitable accounting are (1) a fiduciary or confidential relationship, (2) money or property entrusted to the defendant imposing the burden of an accounting, (3) the absence of a legal remedy and (4) in some cases, a demand and a refusal." See Curtis v Berutti, No. EF009383-2019, 77 Misc. 3d 327 (Sup Ct., Aug. 24, 2022).

Under New York law, "[t]he right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship." See Palazzo v Palazzo, No. 26492, 121 A.D.2d 261 (1st Dept. 1986) (internal citation omitted) (cited in Associated Mortgage Bankers, Inc. v. Calcon Mutual Mortgage LLC, 159 F. Supp. 3d 324, 339 (E.D.N.Y. 2016)). Without such a fiduciary duty, an accounting claim cannot survive. See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 207 (S.D.N.Y. 2011); see also Soley v. Wasserman, 823 F. Supp. 2d 221, 236 (S.D.N.Y. 2011).

Further, "New York courts have repeatedly dismissed accounting claims where the parties' relationship arises from a contract." See Associated Mortgage Bankers, Inc., 159 F. Supp. 3d at 339 (internal citation omitted). Specifically, "'[a]n accounting claim is not proper where money damages are recoverable under alternative causes of action for the same injury[,]'" i.e., where claims are duplicative. Id. at 340 (internal citation omitted). "'Although the accounting and equitable relief plaintiffs seek under this cause of action is different from the monetary damages they seek under the other claims we respectfully submit are duplicative, this cause of action still arises from the same operative facts as plaintiffs' contract breach claim.'" See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F.Supp.2d 162, 207 (S.D.N.Y., 2011) (internal citation omitted).

As Plaintiff has established *supra*, Defendants have failed to sufficiently allege a fiduciary relationship. Thus, Defendants have shown no right to an accounting imposed by their relationship. Further, the parties' relationship arises from an employment contract, which would support dismissal of this claim.    Moreover, this claim is duplicative of Defendants' other counterclaims, as it arises from the same set of operative facts. Alternatively, and notwithstanding Plaintiff's argument that all counterclaims should be dismissed, there is no need for the equitable remedy sought by this counterclaim, given the legal remedies which would be adequate, should any of Defendants' other counterclaims proceed.

Therefore, Defendants' fifth counterclaim must be dismissed.

### VI.     **Defendants' Sixth Counterclaim for Disgorgement Is an Equitable Remedy**

Disgorgement is not recognized as a cause of action; rather, it is a remedy.  Courts in this Circuit dismiss such duplicative equitable claims where no additional facts or distinct legal theories are alleged. See Soley, 823 F. Supp. 2d at 236; see also Associated Mortg. Bankers, 159 F. Supp. 3d at 340. Where Defendants have failed to plausibly allege a fiduciary duty, and where disgorgement is a remedy rather than a cause of action, such a counterclaim must be dismissed. See Curtis, 77 Misc. 3d 327.

Defendants' counterclaim seeking disgorgement is duplicative of its earlier counterclaim seeking an accounting. Both counterclaims rely on the same operative facts alleging that Plaintiff misused funds, and both seek the equitable return of those same funds.

Therefore, Defendants' sixth counterclaim must be dismissed.

For the foregoing reasons, Plaintiff's letter motion for a pre-motion conference should be granted.

Dated: Lake Success, New York
September 22, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA ECF**
All counsel of record