**Lila Ayers, Esq.**
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com

October 3, 2025

<u>Via ECF</u>

Hon. Natsha C. Merle, U.S.D.J.
United States District Court
   Eastern District of New York

      Re:   **Singh v. Topline NYC Contracting Inc., et al.**
              Case no. 1:25-CV-00776

Dear Judge Merle:

      The following is defendants' response to plaintiff's letter motion to dismiss, dated September 22, 2025 (Doc. 33).

<u>Plaintiff's motion should be denied as moot</u>

      First, it is helpful to examine the procedural posture of this case: Defendants answered the complaint with a counterclaim on March 24, 2025 (Doc. 11), they amended their answer the next day (Doc. 12). *No reply was ever filed*. On April 8, 2025, defendants made a motion to amend their complaint. Chief Mag. Judge Vera M. Scanlon had not ruled on that motion — or any other pending motion. I wrote to Mag. Judge Scanlon on September 5th (Doc. 32), reminding her, *inter alia*, that at this late date, no reply was served by plaintiff.

      When a motion to amend is pending, courts have various options for addressing a motion to dismiss directed at the original pleading. Courts may deny the motion to dismiss as moot or evaluate its merits in light of the amended pleading, depending on the procedural posture and the facts alleged in the amended pleading. *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299 (2d Cir. 2020). In *Pettaway*, the Second Circuit held that district courts may either deny a pending motion to dismiss as moot or analyze its merits in light of the amended complaint, promoting judicial economy. In *Rubio v. BSDB Management Inc.*, 2021 WL 102651 (S.D.N.Y. 2021), the court considered the merits of a motion to dismiss as if it were directed at the proposed amended counterclaims for procedural efficiency.

      The court has broad discretion in managing concurrent motions to amend and dismiss. In *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F.Supp.2d 376 (D.Conn. 2008), the court emphasized that granting leave to amend often renders a pending motion to dismiss moot, rather than vice versa, aligning with the principle that leave to amend should be freely given.

      In this particular case, this office was required to promptly submit an answer, or face a

1

default. At that time, the client who was most knowledgeable about the facts of this case, Gurpreet Singh was out of the country. When he returned he was able to provide a precise and accurate narrative of the facts of the case. That is why defendants quickly moved for leave file a Second Amended Answer and Counterclaim ("Second Answer").

Given that the Second Answer is the most accurate version of the facts at bar, this Court should deny plaintiff's motion to dismiss as moot, with leave to renew upon the granting of the motion for leave to amend.

Plaintiff's motion should be denied on the merits

Regardless, the allegations made by plaintiff in his letter motion are outrageous and *contradict completely* the allegations in his complaint. Paragraph 1 of the complaint (Doc. 1) states:

> The Defendants have engaged in an outrageous scheme to run a business for their benefit by fraudulently forming a corporation in Plaintiff's name without his knowledge, taking all of the assets and money out of the business, and leaving Plaintiff holding the bag for any and all liabilities that may arise

However, in his letter motion he states: "Plaintiff was an authorized signatory with access to the accounts at issue." So, plaintiff would have this Court believe that defendants conspired to run a business without his knowledge, but, at the same time, gave him access to their bank account?!

Plaintiff's basis for dismissing the cause of action for conversion is that he had access to defendants' bank account so if he stole from it he has no liability. This is unavailing. A corporate officer's misappropriation of corporate funds can support a conversion claim. *3P-733, LLC v. Tawan Davis*, 187 A.D.3d 626 (1st Dept. 2020). In *3P-773 LLC*, the court noted that allegations of a corporate officer's misappropriation of corporate funds may state a cause of action for conversion. The corporation has the right to bring such an action against the officer or any person who participates in the conversion and accepts its fruits. *Id.* In *Quintal v. Kellner*, 264 N.Y. 32, 35 (1934), the New York Court of Appeals held "a corporate officer's unauthorized use of corporate funds for personal benefit could give rise to a conversion claim." Thus, defendants has stated a cause of action for conversion.

Regarding unjust enrichment "the essential inquiry in any action . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered. A plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [defendant] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). This was also clearly pled.

As fully laid out in the proposed second amended complaint and letter motion of May 2, 2025 (Doc. 27), plaintiff would like to hide the truth of the parties' interactions under a smokescreen of legalese. Here is the truth: Defendants were new to the country. Plaintiff married into the individual defendants' family. Based on the bonds of family and trust, defendants thought it would be efficient to form a corporation and open a business banking account in plaintiff's name. This was the practice among families in India. Plaintiff was well aware this was happening and he actively participated in it. In fact, *plaintiff* chose the address of

defendants' corporation, i.e., plaintiff's granddaughter's residence (for which he makes all payments).

Plaintiff went to meetings with a real estate agent to form the corporation and accompanied defendants to Capital One to open the corporate bank account. The bizarre allegation that plaintiff was not aware that a company was formed without his knowledge or consent is absurd.

Nonetheless, *plaintiff was to have, and never did have, any role in the corporation's operations or management*. The entire saga is laid out in defendants' letter motion of May 2, 2025 (Doc. 27). The only thing plaintiff *did do* in regard to Topline NYC Contracting Inc. was help himself to the funds in defendants' bank account. Including making sizeable cash withdrawals and writing checks to himself and his wife (!). That is why, defendants moved as early as April 8th (Doc. 16) to subpoena their bank account, because those banking records tell the whole story. Unfortunately, as stated, Chief Mag. Judge Scanlon has not yet decided that motion.

Defendants are not concerned about what label their counterclaim is given, just know that plaintiff had access to defendants' business bank account and helped himself to roughly $300,000. Call it conversion, unjust enrichment, or fraud, that is what happened and they are entitled to plead and prosecute their counterclaim.

Conclusion

Defendants respectfully request that this Court deny plaintiff's motion pending a decision on their motion for leave to amend. In the event the Court opts not to do so, it should deny the motion on the merits as defendants have clearly pled a colorable counterclaim.

Thank you.

Very truly yours,

*Lila Ayers*

Lila Ayers

cc: Emanuel Kataev, Esq.