**Lila Ayers, Esq.**

**8 East Prospect Avenue, Suite A1**

**Mount Vernon, NY 10550**

**(914) 699-5220**

**lilaayerslaw@aol.com**

October 10, 2025

*Via ECF*

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

    Re: **Singh v. Topline NYC Contracting Inc., et al.**
       1:25-cv-00776-NCM-VMS

Dear Judge Scanlon:

  The following is defendants' status report on discovery.

  On April 30, 2025, the Court issued an order on the docket, stating, *inter alia*, "The parties must serve initial document requests and interrogatories on or before 5/31/2025."

  Accordingly, on May 25, 2025, defendants served their first request for production. Under Rule 34(b)(2)(A), plaintiff had thirty days to respond. On July 8, 2025, I sent an email to plaintiff's counsel reminding him that it's been 43 days since the document demand was sent and he has not responded. Plaintiff finally responded on July 25th. The response was incomplete and inadequate and his objections were invalid, as they are waived pursuant to Rule 34(b)(2)(A). Defendants will make a motion to compel shortly.

  Instead of responding to our document demand, after receiving my email reminder, plaintiff decided, on July 8, 2025, *thirty-eight days after the* deadline to do so, to send a document demand and interrogatories. Plaintiff had not previously asked for, much less was granted an extension. I sent an email back to plaintiff rejecting and returning those documents and moved for a protective order, that is *sub judice*.

                Very truly yours,

                *Lila Ayers*

                Lila Ayers

cc: Emanuel Kataev, Esq.