```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
JOGINDER SINGH,                                    Case No.: 1:25-cv-00776

                    Plaintiff,             **SECOND AMENDED ANSWER and COUNTERCLAIM**

   -against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH, and
LAKHVINDER SINGH,

                    Defendants.
```
----------------------------------------------------------X
```

      Defendants TOPLINE NYC CONTRACTING INC., TOPLINE NYC INC., LAKHVINDER SINGH, and GURPREET SINGH, by their attorney, LILA AYERS, ESQ., allege the following, as and for their *second amended* answer to the complaint:

      1.     Deny the allegations in paragraphs 1-8.

      2.     Denies having knowledge and information as to the truth of the allegations in paragraph 9 as to where plaintiff resides, but denies plaintiff was an employee of defendants.

      3.     Admits the allegations in paragraphs 10-15.

      4.     Paragraphs 16-18 are legal conclusions for which no response is required.

      5.     Deny the allegations in paragraphs 19-22.

      6.     Denies knowledge and information as to the truth of the allegations in paragraphs 23.

      7.     Denies the allegations in paragraphs 24-47.

      8.     Denies the allegations in paragraphs 48-59.

      9.     Denies the allegations in paragraphs 60-115.

10. In response to paragraph 116, defendants repeat their responses to paragraphs 1-115.

11. Denies the allegations in paragraphs 117-129.

12. In response to paragraph 130, defendants repeat their responses to paragraphs 1-129.

13. Denies the allegations in paragraphs 131-136.

14. In response to paragraph 137, defendants repeat their responses to paragraphs 1-136.

15. Denies the allegations in paragraphs 138-154.

16. In response to paragraph 155, defendants repeat their responses to paragraphs 1-154.

17. Paragraphs 156 and 161-165 contain legal conclusions for which no response is required.

18. Denies the allegations in paragraphs 157-160.

19. Denies the allegations in paragraphs 166-168.

20. In response to paragraph 169, defendants repeat their responses to paragraphs 1-168.

21. Denies the allegations in paragraphs 170-175.

22. In response to paragraph 176, defendants repeat their responses to paragraphs 1-175.

23. Admits the allegations in paragraph 177.

24. Denies the allegations in paragraphs 178-181.

25. In response to paragraph 182, defendants repeat their responses to

paragraphs 1-181.

26. Denies the allegations in paragraphs 183-185.

27. In response to paragraph 186, defendants repeat their responses to paragraphs 1-185.

28. Denies the allegations in paragraphs 187-189.

29. In response to paragraph 190, defendants deny plaintiff has a right to a jury trial for causes of action that are equitable in nature.

30. In response to the "Wherefore" clause, denies plaintiff is entitled to any relief requested.

### AS AND FOR A FIRST DEFENSE

31. Plaintiff has failed, in whole or in part, to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

32. Any and all damages allegedly suffered by plaintiff, are due to his own intentional, willful, grossly negligent, and/or negligent acts or omissions.

### AS AND FOR A THIRD DEFENSE

33. Plaintiff's claims are barred due to his unclean hands.

### AS AND FOR A FOURTH DEFENSE

34. Plaintiff has never been an employee of defendants.

### AS AND FOR A FIFTH DEFENSE

35. Plaintiff is equitably estopped from obtaining any relief.

### AS AND FOR A SIXTH DEFENSE

36. Plaintiff is collaterally estopped from obtaining any relief.

### AS AND FOR A SEVENTH DEFENSE

37. Plaintiff breached his fiduciary duties of care and loyalty to defendants and is barred from obtaining any relief.

### AS AND FOR AN EIGHTH DEFENSE

38. Plaintiff failed to mitigate any alleged damages.

### AS AND FOR A NINTH DEFENSE

39. Plaintiff failed to properly plead a claim of fraud.

**WHEREFORE**, defendants respectfully request that this Court grant to them a judgment dismissing the complaint in its entirety with prejudice, together with costs, disbursements and reasonable attorney's fees.

### **AS AND FOR A COUNTERCLAIM**

Defendants, by their attorney, LILA AYERS, ESQ., allege the following as and for their counterclaim against plaintiff:

### NATURE OF ACTION

1. Contrary to the averments of plaintiff, defendant LAKHVINDER SINGH ("Lakhvinder") sought the help of plaintiff in order to start his own business.

2. Plaintiff was and is married to Lakhvinder's cousin's sister. Lakhvinder and plaintiff acted as brothers-in-law.

3. Lakhvinder asked plaintiff to open a corporation in plaintiff's name. This was traditionally how families did business in India. Lakhvinder did this because he had full trust in plaintiff.

4. Plaintiff was to have *no* role whatsoever in the management or operations in the business.

5. On or before November 30, 2018, plaintiff and Lakhvinder together went to Reliable Insurance Services, LLC in Jamaica, NY and met with Khalid who assisted them in forming the corporation Topline NYC Contracting Inc ("the corporation"). See, certified copy of the Certificate of Corporation, annexed as Exhibit A.

6. The corporation has an address of 92-19 101st Avenue, Ozone Park, NY 11416. Upon information and belief, this was the residence of plaintiff. It was a building owned in the name of plaintiff's granddaughter, but paid for by plaintiff.

7. After the corporation was formed, in or about early 2019, plaintiff and Lakhvinder opened a bank account at a Capital One branch in the name of the corporation. Upon information and belief, plaintiff is listed as "president of the corporation" and Gurpreet is listed as someone having access to the account.

8. Thereafter, Lakhvinder ran the corporation and was very successful. Plaintiff had *no role* whatsoever in the management and operations of the corporation.

9. Defendants decided in 2022, that they should open a new corporation and remove plaintiff's name from any corporation documents.

10. They repeatedly asked plaintiff to meet them and sign papers to remove him from the corporation.

11. On 02/01/2023, Lakhvinder formed a new corporation, Topline NYC Inc. to continue his business without plaintiff's name being on any papers.

12. Plaintiff repeatedly made excuses for not meeting and defendants got suspicious of why plaintiff kept resisting them. So, they decided to go to the corporation's bank and see what was happening with their business account.

13. In or about October, 2023, defendants went to their Capital One branch and

5

found that their balance was way below what they expected.

14. It turned out that plaintiff had embezzled more than $300,000 from the corporation's bank account. He did this by withdrawing cash or writing checks to his wife, with no legitimate business purpose.

15. There was *absolutely no* legitimate business reason for plaintiff to take *any* funds from the corporation's account. Plaintiff took the funds solely for his own enrichment at the expense of defendants.

16. Lakhvinder confronted plaintiff about his stealing corporation's funds and he denied it.

17. Lakhvinder obtained documents from the bank demonstrating conclusively that plaintiff stole from them.

18. Plaintiff learned that his family members were aware of his betrayal and chose to initiate the initiate the instant frivolous lawsuit.

## AS AND FOR A FIRST COUNTERCLAIM

19. Defendants repeat paragraphs 1 through 18.

20. Plaintiff improperly used defendants' bank accounts and converted defendants' assets for his personal use.

21. The misuse of defendants' assets for plaintiff's personal use was unauthorized and not intended to benefit defendants, only plaintiff personally.

22. Through his access to defendants' assets and finances, plaintiff exercised dominion and control over defendants' property, thereby interfering with defendants' right to possession of same.

23. As a direct and proximate result of plaintiff's wrongful conversion of

defendants' assets, defendants were damaged and continue to be damaged in the amount of over $300,000.

24. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## AS AND FOR A SECOND COUNTERCLAIM

25. Defendants repeat paragraphs 1 through 18.

26. Plaintiff misrepresented and/or made material omissions of fact, known by plaintiff to be false at the time made.

27. More specifically, plaintiff misrepresented the nature and/or purpose of plaintiff's payments and/or withdrawals as legitimate business purchases, when, in reality, they were made by plaintiff for plaintiff's personal use and financial gain at defendants' expense.

28. At the time plaintiff made the misrepresentations and/or omissions, he did so with intent to induce defendants' reliance.

29. As a result of the foregoing, plaintiff was damaged.

30. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## AS AND FOR A THIRD COUNTERCLAIM

31. Defendants repeat paragraphs 1 through 18.

32. Plaintiff received a substantial economic benefit from his unlawful conduct.

33. Plaintiff received compensation and/or benefits exceeding that which he is

entitled to.

34. Defendants received no consideration in connection with plaintiff's receipt of the above benefits.

35. As a direct and substantial result of plaintiff's wrongful actions, defendants have suffered and continue to suffer substantial damages.

36. Thus, plaintiff has been unjustly enriched at defendants' expense.

37. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## AS AND FOR A FOURTH COUNTERCLAIM

38. Defendants repeat paragraphs 1 through 18.

39. Plaintiff as an alleged business partner of defendants owed a duty of good faith and loyalty to defendants in performance of plaintiff's duties.

40. Plaintiff owed defendants undivided and unqualified loyalty and was prohibited from acting in any manner contrary to defendants' interests.

41. Plaintiff as business partner was further required to make truthful and complete disclosure to defendants.

42. Plaintiff breached his duty of loyalty by converting monies of defendants for his own use.

43. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

### AS AND FOR A FIFTH COUNTERCLAIM

44. Defendants repeat paragraphs 1 through 18.

45. It is well established that a business associate or agent or employee forfeits his right to compensation for services rendered by him if he proves disloyal.

46. Plaintiff breached his duty of loyalty to defendants by perpetuating fraud against defendants and converting over $300,000 for his own personal use.

47. Accordingly, an order should be entered requiring plaintiff to disgorge to defendants all compensation received by plaintiff during their course of dealing.

48. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

### AS AND FOR A SIXTH COUNTERCLAIM

49. Defendants repeat paragraphs 1 through 18.

50. Plaintiff took custody of defendants' property under circumstances that would render it equitable for plaintiff to return such property to its rightful owner upon due demand. Such custody created a fiduciary relationship.

51. Plaintiff diverted and converted, or otherwise misappropriated funds belonging to defendants.

52. It would be just and equitable for this Court to impose a constructive trust to attach to the rest of defendants' funds and property that was diverted, converted, or otherwise misappropriated by plaintiff from the time it entered into his possession.

53. Plaintiff, and any agents through which defendants' funds passed or to whom funds were wrongly transferred would be unjustly enriched if permitted to retain those

9

funds or any benefits accruing therefrom.

54. Accordingly, each and every unauthorized or unlawful transfer of defendants' funds during the period of trust should be disgorged and paid over together with prejudgment interest.

55. In addition, each and every tangible item purchased by plaintiff, with defendants' consent with defendants' funds during the period of trust should be disgorged and handed over to plaintiffs.

56. Permitting plaintiff, and any cohorts, to retain defendants' funds, assets, or any benefit therefrom, would be unfair and unjust and, in light of the totality of the circumstances, warrants imposition of a constructive trust under equitable principles of New York law.

57. In order to mitigate the damage plaintiff caused, defendants were required to pay fees to the New York City Department of Buildings of over $100,000 to transfer permits to a company that plaintiff did not have access to.

## DEMAND FOR A JURY TRIAL

58. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendants demand a trial by jury on all triable issues in the counterclaim.

**[This space is intentionally left blank]**

**WHEREFORE**, defendants respectfully request that judgment be entered against plaintiff on each of the counterclaims in an amount to be determined by this Court but over $300,000, plus over $100,000 to mitigate damages, together with exemplary and punitive damages in the amount of $1,500,000, along with interest, costs, disbursements, and attorney's fees.

Dated:  Mount Vernon, NY
         November 13, 2025

*Lila Ayers*
LILA AYERS, ESQ.
Attorney for Defendants
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220
lilaayerslaw@aol.com