# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

January 9, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Natasha C. Merle, U.S.D.J.
225 Cadman Plaza East
Courtroom 2F North
Brooklyn, NY 11201-1804

  Re:  **Singh v. Topline NYC Contracting Inc.**, *et al.*
     **Case No.: 1:25-cv-776 (NCM) (VMS)**

Dear Judge Merle:

  This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. In anticipation of his motion to dismiss Defendants' Second Amended counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiff respectfully submits this letter motion for a pre-motion conference pursuant to ¶ III(A) of this Court's Individual Practice Rules ("Individual Rules"). See ECF Docket Entry 40.

  **I.**  **Defendants' First Counterclaim for Conversion Fails to State a Claim for Relief**

  Bare and conclusory allegations are insufficient under the federal pleading standards, which require factual content that allows the court to draw a reasonable inference of liability. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (pleadings must contain more than "labels and conclusions" or "a formulaic recitation of the elements").

  Conversion under New York law requires a plaintiff to allege (1) "possessory right or interest in the property [internal citations omitted] and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights [internal citations omitted]." See Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 50, 860 N.E.2d 713 (2006). "'A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession.'" See Coughlan v. Jachney, 473 F. Supp. 3d 166, 200 (E.D.N.Y. 2020) (internal citations omitted).

  Crucially, "[c]onversion requires the defendant to exclude the true owner from exercising her rights over the goods at issue." See Superb Motors Inc. v. Deo, 776 F. Supp. 3d 21, 85 (E.D.N.Y. 2025) (internal citations omitted); see also Zebra Strategies, Inc. v. Gonzalez-Nazario, 764 F.Supp.3d 144, 160 (S.D.N.Y. 2025) ("having access and control is not sufficient to show conversion under New York law, which requires also '"that the defendant exclude the owner from exercising her rights over the goods.'…").

Courts also routinely dismiss conversion claims where alleged damages are unsupported or duplicative of other causes of action. See Command Cinema Corp. v. VCA Labs, Inc., 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) ("A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations. There is no conversion action where damages are sought for breach of contract. Rather, a plaintiff must show acts that were unlawful or wrongful as opposed to violations of contractual rights").

Here, Defendants merely allege, in conclusory terms, that plaintiff "improperly used" their accounts and converted assets in an amount of over $300,000.00. See ECF Docket Entry 40 at ¶¶ 20-23. However, they fail to identify any specific account, transaction, date, or what "personal use" Plaintiff allegedly converted such assets for. Id. Defendants thus fail to state a claim for conversion under New York law.

In addition, Plaintiff was an authorized signatory with access to the accounts at issue. Id. ¶¶ 3, 5-6. One cannot "convert" property to which one has lawful access. See Coughlan, 473 F. Supp. 3d at 200. Further, Defendants do not allege any facts pertaining to how Plaintiff prevented Defendants from exercising their rights over their own assets. See Superb Motors, Inc., 776 F. Supp. 3d at 85. In fact, Defendants admit that they had the access necessary to pay fees to the New York City Department of Buildings and to transfer the permits to a company which Plaintiff did not share access to. See ECF Docket Entry 40 ¶ 24. Shared access renders a conversion claim impossible. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir.), certified question accepted, 7 N.Y.3d 837 (2006), and certified question answered, 8 N.Y.3d 283, 864 N.E.2d 1272 (2007) (conversion involves "'[…] the *exclusion* of the owner's rights' [internal citation omitted]") (emphasis added); see also LoPresti v. Terwilliger, 126 F.3d 34, 42 (2d Cir. 1997) (conversion involves "'[…] intent to exercise dominion or control over property in a manner *inconsistent with the rights of another*.' [internal citation omitted]") (emphasis added).

Finally, Defendants' claimed damages—including $100,000 in regulatory permit fees—are speculative, as Defendants do not adequately allege how Plaintiff proximately caused such damages by any alleged *conversion*. Even if it were true that Plaintiff "embezzled more than $300,000 from the corporation's bank account […] with no legitimate business purpose" – which it is not – that *still* would not support a claim for conversion, as Defendants were never excluded from their own corporation. See ECF Docket Entry 40 ¶ 14.

## II.    Defendants' Second Counterclaim for Fraud Fails to State a Claim for Relief

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b). This means the pleading must meet a "heightened" standard, specifying the who, what, when, where, and why of the alleged misrepresentation. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (cited in In re IBM Arbitration Agreement Litigation, 76 F.4th 74, 87 (2d Cir. 2023)).

Here, Defendants fail to meet this heightened standard in alleging fraud. Defendants merely allege that "[P]laintiff misrepresented the nature and/or purpose of [P]laintiff's payments and/or withdrawals as legitimate business purchases," without specifying the when, where, and how as required under Rule 9(b). See ECF Docket Entry 40 at ¶ 27; see also Lerner, 459 F.3d at 290.

Further, Defendants' allegations continue to speculate that payments and/or withdrawals "were made by [P]laintiff for [P]laintiff's personal use and financial gain at [D]efendants' expense." See ECF Docket Entry 40 ¶ 27. Even though they provide facts which are more comprehensive than those in their initial Amended Answer and Counterclaims, these facts are also underdeveloped; the allegation that Plaintiff "withdr[ew] cash or wr[ote] checks to his wife, with no legitimate business purpose" is entirely speculative and without merit. See ECF Docket Entry 40 ¶ 14. Like in IBM, these allegations "fail[] to identify when or where […] 'inaccurate and/or misleading information'" was relayed. See In re IBM Arb. Agreement Litig., 76 F.4th 74, 87 (2d Cir. 2023).

Based on the foregoing, Defendants' second counterclaim for fraud must also be dismissed.

### III.     Defendants' Third Counterclaim for Unjust Enrichment Is Duplicative and Fails

Unjust enrichment requires Defendants to plead that (1) the plaintiff was enriched, (2) at the defendants' expense, and (3) equity and good conscience require restitution. See Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011). Unjust enrichment requires some relationship or dealings between the parties. Id.

Courts routinely dismiss unjust enrichment claims that are pled in bare terms. See Clark v. Daby, 300 A.D.2d 732, 733 (3d Dept. 2002) ("the mere fact that the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment", i.e. where any benefit to defendant is "purely incidental"). The claim "is not a catchall cause of action to be used when others fail" and is not available where it duplicates tort or contract claims. See Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012). Further, courts in this district routinely dismiss unjust enrichment claims as duplicative where they rest on the same facts as other claims. See Nelson v. MillerCoors, LLC, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017).

Here, Defendants' counterclaim for unjust enrichment is inadequate on its face. First, Defendants plead no facts showing that plaintiff's alleged "substantial economic benefit" came at their direct expense. See ECF Docket Entry 40 ¶¶ 32, 35-36. Defendants' pleadings here consist of nothing more than "a formulaic recitation of the elements," cautioned against in Twombly, 550 U.S. at 555. For this reason, Defendants fail to state a claim for unjust enrichment. Further, Defendants' allegations regarding unjust enrichment mirror their counterclaims for conversion and fraud, by echoing the same vague facts regarding alleged misuse of funds. This is duplicative, and amounts to the unjust enrichment claim being included as a mere catchall, which the Court of Appeals has cautioned against and frowned upon. Therefore, Defendants' third counterclaim must be dismissed.

### IV.     Defendants' Fourth Counterclaim for Breach of Fiduciary Duty Similarly Fails

Breach of fiduciary duty claims are dismissed where parties fail to adequately allege same; merely labeling a relationship a "partnership" or "joint venture" is insufficient by itself. See Northern Shipping Funds I, LLC v. Icon Capital Corp., 921 F. Supp. 2d 94, 101-102 (S.D.N.Y., 2013) (cited in I Candy by JW LLC v. Spin Master Ltd., 2018 WL 11697440, at *12 (E.D.N.Y., 2018)).

Establishing a fiduciary relationship is "necessarily fact-specific, [and] grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions. […] If the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them." See N. Shipping Funds, 921 F. Supp. 2d at 101.

Here, Defendants' allegation that Plaintiff was a "business partner" is a great mischaracterization of the facts. See ECF Docket Entry 40 ¶ 39. Indeed, Plaintiff was merely a construction laborer, employed by Defendants. See ECF Docket Entry 1 ¶ 24. The mere fact of their familial relationship should not "transport" their relationship to one requiring a fiduciary duty. See ECF Docket Entry 40 ¶ 2; see also N. Shipping Funds, 921 F. Supp. 2d at 101. Either way, under both sets of pleadings, the allegations therein are inadequate to establish the existence of some level of trust placed in Plaintiff by Defendants. Although an employee's duties may involve a higher level of trust warranting a fiduciary relationship, Defendants fail to allege any such facts here, resulting in the necessary finding that Defendants fail to state a claim for relief on their breach of fiduciary duty claim.

Therefore, Defendants' fourth counterclaim must be dismissed.

## V.     Defendants' Fifth Counterclaim for Forfeiture (Disgorgement) Fails

Disgorgement is premised upon the idea that a harm has been incurred upon a victim. See Sec. & Exch. Comm'n v. Govil, 86 F.4th 89, 103 (2d Cir. 2023) ("The *return* of funds presupposes pecuniary harm. Funds cannot be returned if there was no deprivation in the first place") (emphasis in original).

Defendants' counterclaim relies on a fact which does not exist; that Defendants have incurred wrongful damages in the form of Plaintiff's usurping of $300,000.00 for his own personal use, and that they were subsequently required to pay $100,000.00 to transfer permits to mitigate those alleged damages caused by Plaintiff. See ECF Docket Entry 40 at ¶¶ 46, 48. As Plaintiff has already elaborated upon in his Complaint, any such perceived loss of funds can be attributed to Defendants' own fraudulent scheme, which involved their forming a corporation in Plaintiff's name without his knowledge, taking all of the assets and money out of the business, and engaging in wire fraud, mail fraud, the use of forged instruments, and other wrongful criminal acts. See ECF Docket Entry 1 ¶¶ 1-2. Plaintiff maintains that, if any harm has been incurred, it has been on him, the true victim. Therefore, Defendants' fifth counterclaim must be dismissed.

## VI.    Defendants' Sixth Counterclaim for Constructive Trust Fails

"Under New York law, a constructive trust is an equitable remedy, the key purpose of which is to prevent unjust enrichment. See In re Koreag Controle et Revision S.A, 961 F.2d 341, 354 (2d. Cir. 1992); see also Simonds v. Simonds, 45 N.Y.2d 233, 242 (1978). A party seeking the imposition of a constructive trust generally must establish that there is 'clear and convincing evidence of: (1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer in reliance on such a promise; and (4) unjust enrichment.' [internal citation omitted]." See In re Chowaiki & Co. Fine Art Ltd., 593 B.R. 699, 718–19 (Bankr. S.D.N.Y. 2018).

4

Here, Defendants have not pled, and cannot plead, *any* of the elements necessary to impose a constructive trust. *First*, as we have established in the foregoing section on fiduciary duty, there is no such fiduciary relationship. *Second*, no promise was ever made, express or implied, beyond Plaintiff's employment agreement with Defendants (who employed him as a mere construction laborer). See ECF Docket Entry 1 ¶ 3. *Third*, there was no related transfer in reliance, since there was no promise. *Fourth*, as argued concerning the unjust enrichment claim, no facts have been alleged to support same. Therefore, Defendants' sixth counterclaim must be dismissed.

For the foregoing reasons, Plaintiff's letter motion for a pre-motion conference should be granted.

Plaintiff thanks this honorable Court for its time and attention to this case.[1]

Dated: Lake Success, New York
January 9, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA ECF**
All counsel of record

---

[1] Plaintiff is mindful that this Court's Individual Rules require that letter motions for pre-motion conferences must not exceed three (3) pages. However, in light of the number of claims involved, Plaintiff respectfully seeks leave to exceed the page limit. Leave should be granted because the Individual Rules require the party seeking the pre-motion conference to set forth the basis for the anticipated motion, and must contain a synopsis of the arguments and legal authority.