# Lila Ayers
## Attorney at Law
## 8 East Prospect Avenue, Suite A1
## Mount Vernon, NY 10550
## (914) 699-5220

January 28, 2025

Via CM/ECF

Hon. Vera M. Scanlon, Chief U.S.M.J.
United States District Court
Eastern District of New York

      Re:    Singh v. Topline, et al.
               25 Civ. 776 (NCM)(VMS)

Dear Chief Judge Scanlon:

      Pursuant to Rule 54(b), please accept this letter as defendants' motion to vacate and set aside your Honor's decision on January 2, 2026 that granted plaintiff's *post facto* motion, filed December 31, 2025, styled as a "status report" (Doc. 42) for an extension of time to reply to defendants' counterclaim.  Said rule allows for reconsideration in the district court's equitable discretion for non-final orders, and courts "possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *See* Fed. R. Civ. P. 54(b) (stating that nonfinal judgments "may be revised at any time before the entry of a [final judgment]"); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("So long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.").

      The Second Circuit has held that earlier decisions " 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or *the need to correct a clear error or prevent a manifest injustice*.' " *In re Fannie Mae 2008 ERISA Litig.*, No. 09-cv-1350 (PAC), 2014 WL 1577769, at *3 (S.D.N.Y. Apr. 21, 2014) (quoting *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (emphasis added).

      Your Honor's Individual Rule III(b) states:  "Litigants shall make...non-dispositive motions by letter motion, in accordance with Rule I(b), above.  A letter motion must be filed electronically as a motion, not as a letter, and may not exceed four pages in length, exclusive of attachments. A response not exceeding four pages in length, exclusive of attachments, must be served and filed within three business days of receipt of the letter motion.

      Plaintiff violated this Rule in making a motion, *not as a letter motion but a letter*.  More importantly, defendants had four business days to respond, which by my calculations, is Tuesday, January 6, 2026.  However, before defendants could respond — and had ample time to respond — your Honor *sua sponte* granted the application on January 2, 2026.

      But, this was not the only Individual Rule that plaintiff violated.  Rule II(b) states:  "All

requests for…extensions of time must be filed as motions on ECF no later than 2 business days in advance of the…deadline." As the Court is aware, you held a status conference on December 18, 2025, in which you ordered plaintiff to file a reply by December 24, 2025. So, plaintiff had until December 22nd to request an extension but requested one seven days *after* your Honor's deadline.

Basic fairness and due process require that defendants should have been given an opportunity to be heard. *Cf.*, *Wilson v. Citigroup, N.A.*, 702 F.3d 720 (2d Cir. 2012). Had defendants been granted this opportunity, they would have stated the above, and would add the following:

Plaintiff has repeatedly defaulted on timely filing a reply to our answer and counterclaim. On March 26, 2025, we filed an amended answer and counterclaim, as of right (Doc. 13), it was *never* answered. On September 10, 2025, your Honor noted on the docket that plaintiff was in default and must answer by September 22nd, i.e., almost six months later.

On November 13, 2025, defendants filed their second amended answer. Once again plaintiff failed to answer. On December 9th, I wrote your Honor (Doc. 41) informing her that plaintiff is in default, his answer was due December 4th. I stated that we do not object to plaintiff now submitting a late reply, but would object to preparing an untimely motion to dismiss. *See*, Rule 12(b).

It is respectfully submitted that plaintiff's repeated failures to file a reply are not inadvertent, but willful.

Defendants respectfully request that this Court reviews the above, vacates its order on January 2nd, and denies plaintiff's application.

Very truly yours,

*Lila Ayers*

Lila Ayers

cc: Emanuel Kataev, Esq.