# Lila Ayers
## Attorney at Law
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220

January 27, 2025

<u>Via CM/ECF</u>

Hon. Natsha C. Merle, U.S.D.J.
United States District Court
Eastern District of New York

      Re:      **Singh v. Topline, et al.**
                  **25 Civ. 776 (NCM)(VMS)**

Dear Judge Merle:

      Please accept this letter as defendants' opposition to plaintiff's letter motion to dismiss the counterclaim, dated January 9, 2026 (Doc. 44).

      The allegations made by plaintiff in his letter motion are outrageous and contradict completely the allegations in his complaint. Paragraph 1 of the complaint (Doc. 1)states:

> The Defendants have engaged in an outrageous scheme to run a business for their benefit by fraudulently forming a corporation in Plaintiff's name without his knowledge, taking all of the assets and money out of the business, and leaving Plaintiff holding the bag for any and all liabilities that may arise

      However, in his letter motion he states: "Plaintiff was an authorized signatory with access to the accounts at issue." So, plaintiff would have this Court believe that defendants conspired to run a business without his knowledge, but, at the same time, gave him access to their bank account?!

      Plaintiff's basis for dismissing the cause of action for conversion is that he had access to defendants' bank account so if he stole from it he has no liability. This is unavailing. A corporate officer's misappropriation of corporate funds can support a conversion claim. *3P-733, LLC v. Tawan Davis*, 187 A.D.3d 626 (1 Dept. 2020). In *3P-773 LLC*, the court noted that allegations of a corporate officer's misappropriation of corporate funds may state a cause of action for conversion. The corporation has the right to bring such an action against the officer or any person who participates in the conversion and accepts its fruits. Id. In *Quintal v. Kellner*, 264 N.Y. 32, 35 (1934), the New York State Court of Appeals held "a corporate officer's unauthorized use of corporate funds for personal benefit could give rise to a conversion claim." Thus, defendants has stated a cause of action for conversion.

      Regarding unjust enrichment "the essential inquiry in any action . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be

recovered. A plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [defendant] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). This was also clearly pled.

As fully laid out in the second amended answer and counterclaim (Doc. 40), plaintiff would like to hide the truth of the parties' interactions under a smokescreen of legalese. Here is the truth: Defendants were new to the country. Plaintiff married into the individual defendants' family. Based on the bonds of family and trust, defendants thought it would be efficient to form a corporation and open a business banking account in plaintiff's name. This was the practice among families in India. Plaintiff was well aware this was happening and he actively participated in it. In fact, plaintiff chose the address of defendants' corporation, i.e., plaintiff's granddaughter's residence (for which he makes all payments).

Plaintiff went to meetings with a real estate agent to form the corporation and accompanied defendants to Capital One to open the corporate bank account. The bizarre allegation that plaintiff was not aware that a company was formed without his knowledge or consent is absurd.

Nonetheless, plaintiff was to have, and never did have, any role in the corporation's operations or management. The only thing plaintiff did do in regard to Topline NYC Contracting Inc. was help himself to the funds in defendants' bank account. Including making sizeable cash withdrawals and writing checks to himself and his wife (!). That is why, defendants moved as early as April 8 (Doc. 16) to subpoena their bank account, because those banking records tell the whole story.

Defendants are not concerned about what label their counterclaim is given, just know that plaintiff had access to defendants' business bank account and helped himself to roughly $300,000. Call it conversion, unjust enrichment, or fraud, that is what happened and they are entitled to plead and prosecute their counterclaim.

Defendants respectfully request that this Court deny plaintiff's motion as they have clearly pled a colorable counterclaim.

Thank you.

Very truly yours,

*Lila Ayers*

Lila Ayers

cc: Emanuel Kataev, Esq.