UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**

JOGINDER SINGH,                          : 25-cv-00776-NCM-VMS
                                         :
            Plaintiff,                    :
                                         :
    - versus -                            : U.S. Courthouse
                                         : Brooklyn, New York
TOPLINE NYC CONTRACTING                   :
INC. et al.,                              :
                                         : January 15, 2026
            Defendants                    : 11:19 a.m.
------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**
**(VIA VIDEO/AUDIO)**


**For the Plaintiff**:        **Emanuel Kataev, Esq.**



**For the Defendant**:        **No appearance**



**Transcription Service**:    **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              RL.Transcriptions2@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

THE COURT: Okay. This case is *Singh v. Topline*, 25-cv-776.

Let's get counsel's appearances.

MR. KATAEV: Good morning. You have Emanuel Kataev of Sage Legal LLC and Consumer Attorneys PLLC for the plaintiffs.

THE COURT: Okay. We reached out to the other attorneys. Anybody called in? I don't think so. Have you heard anything from them, anything further?

MR. KATAEV: I first emailed Ms. Ayers, said we're on at 11. Not hearing from anyone, I did reach out to the other attorney for the defendants who's noticed, Serjie. The last name, I don't have the name in front of me. I have received no response, your Honor.

They did file the opposition to the letter motion for a pre-motion conference in anticipation of our motion to dismiss the counterclaims. Absent that, I never heard back. I did reach out prior to this time. I set forth the status reports to have the meet and confer. Did not hear back.

THE COURT: It's strange.

MR. KATAEV: (Indiscernible).

THE COURT: So have you done any discovery recently? I mean I know there were some issues back in October and --

3

Proceedings

MR. KATAEV:  So we propounded discovery demands and we did not receive responses.  They initially took the position that because we didn't serve the demand by the deadline to do so that they have --

THE COURT:  Right.

MR. KATAEV:  -- no obligation to (audio cut out).  This Court previously told counsel that that's not acceptable but I haven't received anything.

As far as me, I'm going to double check my file now and see where things stand.  (Indiscernible).

We produced documents Bates stamped P1 through P129 as well as responses to requests for production.  I believe it was served on June 25, 2025.

THE COURT:  Okay.  So you have requests for documents, and do you have interrogatories outstanding as well?

MR. KATAEV:  I have -- yeah, the plaintiff's demands to the defendants are a request for the production of documents and interrogatories.  I believe --

THE COURT:  Okay.

MR. KATAEV:  -- on their end they only sent us a request for production of documents because that's all I'm seeing.

THE COURT:  All right.  I'm going to say they

Transcriptions Plus II, Inc.

4

Proceedings

need to respond by the 30th of January to all of your document requests and your interrogatories and if they don't --

MR. KATAEV:  You mean defendants?

THE COURT:  Yes, yes.  They need to respond to you.  I'm thinking about the best way to set this up.

I guess the question is did they -- All right. It doesn't matter.  And they need to respond to your outstanding document requests and interrogatories by the 30th, and by the 3rd, file a letter with me confirming that they've done it.  If they don't do it, you can move for sanctions because this is going on now.  I may need you to have the conversation to get this moving, so that's really -- if there were a trickle, I might be like all right, let's move it along, but nothing is happening.

All right.  So the order is going to be by the 30th they need to fully respond to your documents, interrogatories.  By the 3rd, file a letter with me confirming they've done it.  If they don't file that letter and made the production, you can move for sanctions.  Let's just put an outside date.  It can be a letter motion by the 17th.  Or do you want more time? It's up to you.  I don't know your schedule.

MR. KATAEV:  That's fine.  The 17th works.

THE COURT:  All right.  And then by the 27th

5

Proceedings

they can file an opposition.  I'm going to say no reply unless requested by the Court.  And they should expect that the Court would consider, you know, an attorneys' fees request to be reasonable in light of their non-communication with you about discovery to date.  So if it continues, it's sanctionable conduct.

Okay.  All right.  I also wanted to talk about the motion proposed but anything you want to say?

MR. KATAEV:  I'll rest on the papers.  You know, I think it's better if we did this with everyone present.  But I'd like to proceed with it.  I'm happy to get a briefing schedule going.  But other than that, if the Court wishes to have the conference first before doing that, I am okay with pleading.

THE COURT:  Those are with Judge Merle, right?

MR. KATAEV:  Yes.

THE COURT:  So you know, I was trying to wrap it into the overall discussion, see if, you know, if they're going to really pursue this or what the situation was.  But okay, so I'll just leave those (indiscernible).  If I need to hear anything else, we'll do it but --

MR. KATAEV:  That works, your Honor.

THE COURT:  All right.  And then, sorry, the other thing I would say is the 15th -- by the 22nd, the non-appearing counsel need to order the transcript at

Transcriptions Plus II, Inc.

6

Proceedings

their own expense, not the client's expense, and when it comes, read it. And then also each file a letter explaining their nonappearance today.

Okay. That's it. Sorry about the situation but we'll see where we can go with it. All right. Thank you. Take care.

MR. KATAEV: Thank you.

(Matter concluded)

-oOo-

7

**C E R T I F I C A T E**

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **28th** day of **February**, 2026.

_____

Transcriptions Plus II, Inc.

Transcriptions Plus II, Inc.