# Lila Ayers
## Attorney at Law
8 East Prospect Avenue, Suite A1
Mount Vernon, NY 10550
(914) 699-5220

April 27, 2026

Via CM/ECF

Hon. Natsha C. Merle, U.S.D.J.
United States District Court
Eastern District of New York

       Re:    **Singh v. Topline, et al.**
               **25 Civ. 776 (NCM)(VMS)**

Dear Judge Merle:

Please accept this letter as defendants' request, pursuant to your Honor's Individual Practice Rule III.A.1., for a conference to proceed with a cross-motion for summary judgment. Fortunately, after much back and forth with the legal department of Capital One, N.A. we [finally] obtained complete banking records for Topline NYC Contracting Inc. ("Topline"), during the time when plaintiff/counterclaim defendant Joginder Singh had access to Topline's bank account. Annexed as Exhibit A is defendants' Local Rule 56.1 Statement.

Procedural Posture and interplay of the motion and cross-motion

At this time, plaintiff's motion to dismiss is pending, and defendants have until May 1, 2026 to submit opposition. Order on Docket, dated April 3, 2026. So, I will first address the interplay of that motion and the proposed motion for summary judgment:

The consistent practice in the Second Circuit's district courts, when a cross-motion for summary judgment on a counterclaim is granted, is to deny the pending motion to dismiss that same counterclaim as moot. In *Conde Panama LLC v. AECOS, Ltd.*, 2020 WL 2834858 (S.D.N.Y. 2020), the Southern District of New York confronted this precise situation: AECOS had filed a motion for summary judgment while its prior motion to dismiss remained pending. After granting summary judgment, the court stated directly: "Because the disposition of this motion disposes of the claims against AECOS, the motion to dismiss is denied as moot." This language makes explicit that the court is not evaluating whether the motion to dismiss would have succeeded on its merits, but rather that the summary judgment ruling has made it unnecessary to do so. Similarly, in *Cohen Lans LLP v. Naseman*, 2017 WL 477775 (S.D.N.Y. 2017), the Southern District of New York denied a motion to dismiss a counterclaim "as moot, in light of the motion for summary judgment," while also noting that it "would consider arguments raised in the motion to dismiss on summary judgment." This approach reflects two key principles: (1) the motion to dismiss is formally denied as moot, not on the merits; and (2) the substantive legal arguments raised in the motion to dismiss are not simply discarded — they may be folded into and considered as part of the summary judgment analysis. *Allah v. Latona*, 540 F.Supp.3d 325 (W.D.N.Y. 2021) is another published example where, after granting the

1

defendants' motion for summary judgment, the court expressly "denied [their] motion to dismiss as moot," explaining that "Because the Court has determined that Plaintiff failed to administratively exhaust his retaliation claim and therefore the case must be dismissed, the Court denies defendants' motion to dismiss as moot."

<u>Summary judgment is likely to be granted</u>

Under New York law, conversion is "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Fadlevich v. JD 34th Street Realty LLC*, 775 F.Supp.3d 668 (E.D.N.Y. 2025). The New York Court of Appeals in *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43 (2006), defines conversion as taking place "when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." To prevail, the moving party must establish: (1) legal ownership or an immediate superior right of possession to a specific identifiable thing; and (2) that the defendant exercised unauthorized dominion over the property to the exclusion of the plaintiff's rights. *Martinez v. Capital One, N.A.*, 863 F.Supp.2d 256 (S.D.N.Y. 2012).

Each individual transaction documented in the banking records—every cash withdrawal, check payable to the plaintiff or his wife, and wire transfer to the plaintiff or his relatives— constitutes a "specific amount" withdrawn or transferred from a named, identifiable account. Under settled New York authority, conversion arises precisely where "a specific amount of funds in a bank is withdrawn or transferred." *Superb Motors Inc. v. Deo*, 776 F.Supp.3d 21 (E.D.N.Y. 2025). The funds of the identified account from which these transactions were made are "sufficiently identifiable" as a matter of law. *ADP Investor Communication Services, Inc. v. In House Attorney Services, Inc.*, 390 F.Supp.2d 212 (E.D.N.Y. 2005). Indeed, the *ADP Investment* Court held that allegations of a specifically identifiable sum of money sent by wire transfer from plaintiff's account to defendant's account properly allege an identifiable sum of money sufficient to support a conversion claim.

In *Robinson v. De Niro*, the court applied the well-established principle that "lack of authorization or fraud is presumed when an agent uses the principal's property in a manner that is, at least in part, self-interested." *Robinson v. De Niro*, 739 F.Supp.3d 33 (S.D.N.Y. 2023) When this presumption arises, the burden shifts: it is "the burden of the fiduciary then to show consent based on a knowledge of all facts to the conversion of the property or money." *Id.* at 132. Critically, consent to self-dealing "must be 'clearly proved' and 'made with a full knowledge of all the material particulars and circumstances.'" *Id.*

Here, every category of transaction at issue—cash withdrawals to the plaintiff himself, checks payable to the plaintiff and his wife, and wire transfers to himself and his relatives— represents the archetype of self-dealing. There is no question that these were self-interested uses of the defendant's funds. As *Garner v. First Nat. City Bank*, 465 F.Supp. 372 (S.D.N.Y. 1979) applied the well-established principle from *Quintal v. Kellner*, 264 N.Y. 32, 35 (1932), under New York law a corporate officer who applies corporate funds to purposes beyond the scope of his authority commits conversion. Where the banking records show these transactions were directed entirely to the plaintiff's personal benefit or to his family members, the presumption of unauthorized use is established, and the plaintiff must come forward with specific, admissible evidence that the counterclaim defendant consented to each such transaction with full knowledge of all material facts.

Courts in the Southern and Eastern Districts of New York readily grant summary judgment on conversion counterclaims supported by banking records when the underlying transactions are not in factual dispute. In *Babstock v. Babstock*, 70 Misc.3d 1097 the New York Supreme Court granted the plaintiff's cross-motion for summary judgment on her conversion claim after the record showed the custodian made repeated unauthorized withdrawals from a specifically identified account, finding no triable issues of fact as to liability. Babstock v. Babstock, 70 Misc.3d 1097 (Sup.Ct. Rich. Cty. 2021). In *Dardashtian v. Gitman*, 2021 WL 746133 (S.D.N.Y. 2021), the Magistrate Judge recommended granting summary judgment on the conversion claim where the plaintiff identified the specific account from which defendant withdrew funds, citing *Newbro v. Freed*, 409 F.Supp.2d 386 (S.D.N.Y. 2006), for the principle that funds of a specific, named bank account are sufficiently identifiable to support a conversion claim.

Prayer for relief

In light of the above, we respectfully request additional time to file our cross-motion for summary judgment, beyond May 1, 2026, as there are thousands of pages of bank records to review. As noted, in the event this motion is granted, plaintiff's motion to dismiss would be denied as moot.

Very truly yours,

*Lila Ayers*

Lila Ayers

cc: Emanuel Kataev, Esq.

3