UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOGINDER SINGH,

                           Plaintiff,

-against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH,
and LAKHVINDER SINGH,

                           Defendants..
--------------------------------------------------------X

Case No. 1:25-cv-00776-NCM-VMS

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT**

Pursuant to Local Civil Rule 56.1, Defendants submit the following statement of material facts as to which there is no issue to be tried:

1. Plaintiff married into individual defendants' Gurpreet Singh ("Gurpreet") and Lakhvinder Singh ("Lakhvinder").

2. Defendants trusted plaintiff as he was a family member. Lakhvinder was concerned about owning and operating a business in his name, due to his tenuous immigration status. He made a deal with plaintiff to put his name on documents to incorporate the business, Topline NYC Contracting Inc ("Topline").

3. Once formed, plaintiff accompanied the individual defendants to Capital One Bank to open a corporate account for Topline. Plaintiff signed as president, Lakhvinder as secretary.

4. That was the last action plaintiff ever took, other than signing papers to remove himself from the corporation and bank account, with one exception, for a short period of time, plaintiff lived with Lakhvinder and signed checks on behalf of the corporation.

5. All individuals who performed work for the corporation: Lakhvinder; Gurpreet; Prabhjot Singh, foreman; Mukhbinder Singh, driver; Manpreet Singh, driver; Navjot Singh, foreman; Michelle Cardozo, office manager; and Clifton Moore, warehouse manager will testify

1

that plaintiff never did *any* work for the corporation, at a warehouse, job site, office, or in a company truck or van, nor did he supervise or give orders to any worker.  In fact they never saw him at an office, warehouse, truck, or work site.  This is also true of plaintiff's wife, Surjit Kaur and son, Amritpaul Singh.

6.      Despite the fact that neither plaintiff, his wife, nor his son had any role in the corporation, plaintiff regularly withdrew cash from Topline's corporate account without authorization and for no business purpose but for personal enrichment.  He also wrote numerous checks to himself, his wife, and his son also for no business purpose, only to enrich themselves.

Dated:  Mount Vernon, NY
         April 27, 2026

*Lila Ayers*
_____
Lila Ayers, Esq.

2