# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

May 4, 2026

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Natasha C. Merle, U.S.D.J.
225 Cadman Plaza East
Courtroom 2F North
Brooklyn, NY 11201-1804

> Re:    **Singh v. Topline NYC Contracting Inc.,** *et al.*
>        **Case No.: 1:25-cv-776 (NCM) (VMS)**

Dear Judge Merle:

This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff submits this letter in opposition to Defendants' motion for a pre-motion conference regarding their anticipated cross-motion for summary judgment.

## I.    <u>The Court Should Consider Plaintiff's Motion to Dismiss in Assessing Defendants' Cross-Motion for Summary Judgment</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>See</u> Fed. R. Civ. P. 56; <u>see</u> <u>also</u> <u>Huminski v. Corsones</u>, 396 F.3d 53, 69 (2d Cir. 2005). In other words, summary judgment requires not only the absence of a genuine factual dispute, but also that the law favors the moving party.

Courts may consider arguments raised in a motion to dismiss when resolving summary judgment, and may deny summary judgment where the claim fails as a matter of law. <u>See</u> <u>Cohen Lans LLP v. Naseman</u>, No. 14-CV-4045 (JPO), 2017 WL 477775, at *10, n.4 (S.D.N.Y. Feb. 3, 2017) ("The Court denied the motion to dismiss as moot, in light of the motion for summary judgment, but noted that the Court would consider arguments raised in the motion to dismiss on summary judgment").

Plaintiff reminds the Court, "the plain language of Rule 56(c) mandates the entry of summary judgment […] against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case […]. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986).

Effectively, this means that where a claim fails as a matter of law because an essential element cannot be established – as Plaintiff has argued in its motion for a pre-motion conference to dismiss – the party asserting that claim cannot meet its burden under Rule 56 and is not entitled to summary judgment. See ECF Docket Entry 44 (Plaintiff urges the Court to consider again its arguments regarding the legal insufficiency of Defendants' counterclaims, in assessing their instant motion).

## II.     Defendants' Motion for Summary Judgment Must Be Denied on Procedural Grounds

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." See Fed. R. Civ. P. 56(c)(1); see also Celotex, 477 U.S. at 323 ("a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact").

Here, Defendants' Local Civil Rule 56.1 Statement cites not a single fact in the record. See ECF Docket Entry 57. Moreover, their Rule 56.1 Statement contains six (6) measly "facts", with not a single citation to a declaration, deposition, exhibit, or other form of admissible evidence. See ECF Docket Entry 57-1. Even by elusive pre-motion conference letter standards, this is insufficient. Based on the (lack of) evidence presented, a summary judgment motion is not viable.

Accordingly, Defendants cannot prevail on summary judgment on procedural grounds.

## III.     Defendants' Motion for Summary Judgment Must Be Denied on the Basis of the Factual Dispute Between the Parties

Should the Court consider the merits of Defendants' arguments as presented in their letter, Defendants' proposed motion is still unworthy of a conference.

*First*, Defendants mistakenly present their six counterclaims – for conversion, fraud, unjust enrichment, forfeiture (disgorgement), and constructive trust – as though it is one single claim for conversion, reflecting a high-level misunderstanding of the very counterclaims they seek.[1] See ECF Docket Entry 57 at 2-3; compare with ECF Docket Entry 40 at 6-10.

---

[1] Note that Plaintiff was so kind as to label these counterclaims accordingly in their letter motion for pre-motion conference in anticipation of their motion to dismiss, despite Defendants' neglecting to label same in their own Amended Answer; effectively, doing Defendants' work for them. See ECF Docket Entry 44; compare with ECF Docket Entry 40 at 6-10.

Or, reading their letter more generously, Defendants lazily only argue the merits of *one* of the six counterclaims they bring; which then brings the question of whether they only intend to seek summary judgment on this discrete counterclaim, or whether, again, they simply do not understand their own position.

*Second*, summary judgment is unlikely to be granted on the merits of Defendants' conversion counterclaim.

"[S]ummary judgment is proper only when, if all permissible inferences and credibility questions are resolved in favor of the party against whom judgment is sought, 'there can be but one reasonable conclusion as to the verdict,' […], *i.e.,* 'it is quite clear what the truth is,'" See Rogoz v. City of Hartford, 796 F.3d 236, 246 (2d Cir. 2015), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) and Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467 (1962).

"An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' […] A fact is material if it 'might affect the outcome of the suit under the governing law.'" See Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008), citing Anderson, 477 U.S. at 248; Roe cited in Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010).

Defendants' theory of conversion rests on alleged self-dealing. However, as established in Plaintiff's Counterstatement of Material Facts ("CSMF"), there was no such self-dealing. See CSMF ¶¶ 3, 6; Declaration of Joginder Singh ("Singh Decl.") ¶¶ 10-11, 19, 28. Without self-dealing, there are no material facts underlying Defendants' conversion counterclaim (or the other counterclaims), since there has been no "lack of authorization or fraud" (rendering Robinson inapplicable). See Robinson v. De Niro, 739 F. Supp. 3d 33 (S.D.N.Y. 2023)[2].

Moreover, considering Martinez as Defendants encourage the Court to do, Plaintiff's facts establish that any dominion Plaintiff exercised over Defendants' accounts *was* authorized, and even that Plaintiff had – unwittingly – legal ownership of the very account at issue. Defendants had requested that Plaintiff sign on their behalf on multiple occasions, and even opened an account in his name. See Martinez v. Cap. One, N.A., 863 F. Supp. 2d 256, 266 (S.D.N.Y. 2012); CSMF ¶¶ 3-4, 6; Singh Decl. ¶¶ 5-13, 20-22.

Defendants' argument regarding the identifiability of funds is irrelevant and unnecessary. Even assuming that the funds at issue are sufficiently identifiable, conversion requires proof of lack of ownership and unauthorized dominion over that property. See Williams v. Potenza, LLC, 240 N.Y.S.3d 417, 419 (2d Dept. 2025) (noting, further, the alternative nature of the elements of conversion: "'a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercises an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right'" (internal citation omitted)).

---

[2] Defendants appear to quote headnote 109 on Westlaw, rather than Robinson itself; Plaintiff quotes Defendants' letter, rather than the headnote, which contains a typo in the same misattributed quote.

Here, Plaintiff's evidence establishes that no such unauthorized conduct – let alone self-dealing – occurred. <u>See</u> CSMF ¶¶ 3-4, 6; Singh Decl. ¶¶ 5-13, 19-22, 28. At minimum, this presents a genuine dispute of material fact, precluding summary judgment.

For the foregoing reasons, Defendants' motion for a pre-motion conference regarding their proposed cross-motion for summary judgment should be denied.

Dated: Jamaica, New York
       May 4, 2026                        Respectfully submitted,

**SAGE LEGAL LLC**

<u>*/s/ Emanuel Kataev, Esq.*</u>
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**<u>VIA ECF</u>**
All counsel of record