UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOGINDER SINGH,

                      Plaintiff,

-against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH,
and LAKHVINDER SINGH,

                      Defendants..

--------------------------------------------------------X

Case No. 1:25-cv-776 (NCM) (VMS)

**PLAINTIFF'S COUNTERSTATEMENT OF MATERIAL FACTS**

Plaintiff Joginder Singh (hereinafter the "Plaintiff"), through his attorneys, Sage Legal LLC, pursuant to Your Honor's Individual Practice Rules, hereby offers the following Counterstatement of Material Facts in opposition to Plaintiff's proposed cross-motion for summary judgment:

1.     Plaintiff married into individual defendants' Gurpreet Singh ("Gurpreet") and Lakhvinder Singh ("Lakhvinder").

**Response: Objection. This statement is immaterial. Moreover, this statement is unintelligible and fails to state a coherent fact capable of admission or denial. Subject to and without waiving these objections, Plaintiff denies the statement. See, *generally*, Declaration of Joginder Singh ("Singh Decl.").**

2.     Defendants trusted plaintiff as he was a family member.  Lakhvinder was concerned about owning and operating a business in his name, due to his tenuous immigration status.  He made a deal with plaintiff to put his name on documents to incorporate the business, Topline NYC Contracting Inc ("Topline").

**Response: Objection. Admission or denial of this statement requires speculation, as Plaintiff cannot know Defendants' state of mind, nor their concerns. Subject to and without waiving**

this objection, Plaintiff denies this statement. <u>See</u> Singh Decl. ¶¶ 5-9.

3.      Once formed, plaintiff accompanied the individual defendants to Capital One Bank to open a corporate account for Topline. Plaintiff signed as president, Lakhvinder as secretary.

**<u>Response</u>: Plaintiff denies this statement. Although Plaintiff had accompanied Defendants to the bank, he was tricked into signing these documents. <u>See</u> Singh Decl. ¶¶ 6-11 (Defendants had told Plaintiff he was signing W-2s so that he could be properly paid; Defendants were aware that Plaintiff cannot read or understand English). Accordingly, Plaintiff was misled about the true nature of what he was signing, and lacked the requisite intent to open a corporate account for Topline.**

4.      That was the last action plaintiff ever took, other than signing papers to remove himself from the corporation and bank account, with one exception, for a short period of time, plaintiff lived with Lakhvinder and signed checks on behalf of the corporation.

**<u>Response</u>: Plaintiff disputes this statement. This is a mischaracterization of the evidence. While Lakhvinder had on very few occasions asked Plaintiff to sign checks, Plaintiff was always told it was for work purposes. <u>See</u> Singh Decl. ¶¶ 6-7, 12-13.**

5.      All individuals who performed work for the corporation:  Lakhvinder; Gurpreet; Prabhjot Singh, foreman; Mukhbinder Singh, driver; Manpreet Singh, driver; Navjot Singh, foreman; Michelle Cardozo, office manager; and Clifton Moore, warehouse manager will testify that plaintiff never did *any* work for the corporation, at a warehouse, job site, office, or in a company truck or van, nor did he supervise or give orders to any worker.  In fact they never saw him at an office, warehouse, truck, or work site.  This is also true of plaintiff's wife, Surjit Kaur and son, Amritpaul Singh.

**<u>Response</u>: Objection. This statement is not admissible as it is hearsay and unsupported by evidence. Moreover, admission or denial of this statement requires speculation. Subject to and without waiving**

2

these objections, Plaintiff denies that he "never did *any* work for the corporation, at a warehouse, job site, office, or in a company truck or van." See Singh Decl. ¶¶ 14-16 (Plaintiff's "job duties included running the warehouse, by loading and unloading trucks, taking care of the warehouse and keeping track of its inventory, among similar tasks," and Plaintiff "primarily worked out of the warehouses, but sometimes performed work on the field"). Plaintiff admits that he did not "supervise or give orders to any worker," and notes that this is squarely in line with his role as a mere construction laborer, and with his allegations that Defendants committed fraud. See Singh Decl. ¶ 17.

6. Despite the fact that neither plaintiff, his wife, nor his son had any role in the corporation, plaintiff regularly withdrew cash from Topline's corporate account without authorization and for no business purpose but for personal enrichment. He also wrote numerous checks to himself, his wife, and his son also for no business purpose, only to enrich themselves.

Response: Plaintiff denies this statement. Plaintiff denies ever withdrawing funds for himself. Any instances of Plaintiff withdrawing funds and writing checks was under Defendants' direction, for Defendants' purposes, with Plaintiff merely complying. Similarly, Plaintiff denies writing checks to himself, his wife, and his son. See Singh Decl. ¶¶ 27-28.

Dated: Jamaica, New York
      May 4, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
_/s/ Emanuel Kataev, Esq.___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA ECF**
All counsel of record

3