UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOGINDER SINGH,

                        Plaintiff,

-against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH,
and LAKHVINDER SINGH,

                        Defendants..

--------------------------------------------------------X

Case No. 1:25-cv-776 (NCM) (VMS)

**DECLARATION OF JOGINDER SINGH**

       Joginder Singh declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

       1.      I am a former employee of Topline NYC Con Topline NYC Inc. ("Topline NYC") (Topline hereinafter the "Corporate Defendants"), Gu ("Lakhnder") (Gurpreet and Lakhvinder collect (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants"), and the Plaintiff in this case.

       2.      As such, I am familiar with all the facts and circumstances outlined herein based upon my personal knowledge.

       3.      I respectfully submit this declaration in opposition to Defendants anticipated cross-motion for summary judgment.

       4.      I began working with Defendants as a construction laborer.

       5.      At no point during my tenure working for Defendants did I ever agree to be the signatory or owner of the Defendants' enterp Rule 56.1 Statement mischaracterize the events underpinning my signatures on documents.

6.      For example, on numerous occasions, Lakhvinder had requested my signature under the guise of requesting same for W-2 purposes, stating that my signature was required in order for me to be properly paid.

7.      As another example, I later learned that Defendants signed documents for the New York City Department of Buildings in my name without my knowledge or consent.

8.      I was unable to read the documents I had signed due to a language barrier.

9.      Defendants were aware that I could not read or understand English, and blatantly misled me about the nature of the documents I was signing.

10.     On another occasion, Defendants brought me to Capital One Bank and had me sign documents, which I later learned were to open a corporate account for Topline, with me listed as President.

11.     Again, I was tricked into signing these documents, under the same above-mentioned excuses provided by Defendants.

12.     On very few other occasions, Lakhvinder had asked me to sign checks, informing me again that this was for work purposes.

13.     Wanting to keep my job and to be properly paid, I complied with the Defendants′ ongoing requests for my signatures.

14.     At all relevant times, I performed work for the Defendants as a construction laborer.

15.     My job duties included running the warehouse, loading and unloading trucks, taking care of the warehouse, and keeping track of its inventory, among similar tasks.

16.     I primarily worked out of the warehouse, but sometimes worked in the field.

17.     I did not supervise nor give orders to any worker, and was only responsible for my own tasks.

2

18. This is because I was not in fact an officer of Topline NYC, despite the Defendants' efforts to label me one, even nominally.

19. I did not ever withdraw funds or write checks from Topline's corp without authorization, without business purpose, or for personal enrichment.

20. If I ever withdrew funds or wrote checks – which I hardly remember doing – it was upon direction by Lakhvinder.

21. For example, there were a few occasions in which Lakhvinder took me to the bank, insisted I show the bank representative my identification, and then took out money.

22. Given that I worked for and lived with Lakhvinder, I felt it necessary that I comply.

23. On a few other occasions, Defendants requested that I withdraw funds from the account.

24. Most of the time, any funds that were withdrawn were not done with my signature.

25. I later learned, upon review of bank records at the bank branch, that my signature was forged.

26. I knew that it was forged because I saw my signature on documents that I did not sign.

27. While working for Defendants, I was paid twice per year, for a total annual salary of $18,000.00.

28. These checks were only ever made out in my name, and were never made out to my wife or my son.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2026.

Joginder Singh

3