UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOGINDER SINGH,

                                 Plaintiff,

              -against-

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH, and
LAKHVINDER SINGH,

                                Defendants.
-------------------------------------------------------------------X

Case No.: 1:25-cv-776 (NCM) (VMS)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**<u>MOTION TO DISMISS</u>**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................... 1

FACTS ........................................................................................................................ 1

LEGAL STANDARD.................................................................................................. 1

ARGUMENT .............................................................................................................. 1

**I.** Defendants' First Counterclaim for Conversion Fails to State a Claim for Relief............. 1

**II.** Defendants' Second Counterclaim for Fraud Fails to State a Claim for Relief.................. 4

**III.** Defendants' Third Counterclaim for Unjust Enrichment Is Duplicative and Fails ............ 5

**IV.** Defendants' Fourth Counterclaim for Breach of Fiduciary Duty Similarly Fails .............. 6

**V.** Defendants' Fifth Counterclaim for Forfeiture (Disgorgement) Fails................................ 7

**VI.** Defendants' Sixth Counterclaim for Constructive Trust Fails ......................................... 7

CONCLUSION.......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal
        556 U.S. 662 (2009)................................................................................... 1

Bell Atl. Corp. v. Twombly
        550 U.S. 554 (2007)................................................................................ 1, 5

Clark v. Daby
        300 A.D.2d 732 (3d Dept. 2002) ............................................................. 5

Colavito v. New York Organ Donor Network, Inc.
        8 N.Y.3d 43, 860 N.E.2d 713 (2006)....................................................... 2

Command Cinema Corp. v. VCA Labs, Inc.
        464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006)............................................. 2

Corsello v. Verizon N.Y., Inc.
        18 N.Y.3d 777 (2012) ............................................................................... 5

Coughlan v. Jachney,
        473 F. Supp. 3d 166 (E.D.N.Y. 2020) ................................................. 2, 3

Hayden v. Paterson
        594 F.3d 150 (2d Cir. 2010)..................................................................... 1

I Candy by JW LLC v. Spin Master Ltd.
        2018 WL 11697440 (E.D.N.Y., 2018)...................................................... 6

In re Chowaiki & Co. Fine Art Ltd.,
        593 B.R. 699 (Bankr. S.D.N.Y. 2018)...................................................... 8

In re IBM Arbitration Agreement Litigation,
        76 F.4th 74 (2d Cir. 2023) ....................................................................... 4

In re Koreag Controle et Revision S.A
        961 F.2d 341 (2d. Cir. 1992)..................................................................... 7

Lerner v. Fleet Bank, N.A.
        459 F.3d 273 (2d Cir. 2006)...................................................................... 4

LoPresti v. Terwilliger
        126 F.3d 34 (2d Cir. 1997)........................................................................ 3

Mandarin Trading Ltd. v. Wildenstein
    16 N.Y.3d 173 (2011) ............................................................................................ 5

Nelson v. MillerCoors, LLC
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ................................................................. 5

Northern Shipping Funds I, LLC v. Icon Capital Corp.
    921 F. Supp. 2d 94 (S.D.N.Y., 2013)................................................................... 6

Sec. & Exch. Comm'n v. Govil
    86 F.4th 89 (2d Cir. 2023) ................................................................................... 7

Simonds v. Simonds
    45 N.Y.2d 233 (1978) .......................................................................................... 7

Superb Motors Inc. v. Deo
    776 F. Supp. 3d 21 (E.D.N.Y. 2025) .............................................................. 2, 3

Thyroff v. Nationwide Mut. Ins. Co.
    460 F.3d 400 (2d Cir.), certified question accepted, 7 N.Y.3d 837 (2006), and certified
    question answered, 8 N.Y.3d 283, 864 N.E.2d 1272 (2007) ............................... 3

Zebra Strategies, Inc. v. Gonzalez-Nazario
    764 F.Supp.3d 144 (S.D.N.Y. 2025)................................................................... 2

**Rules**

Fed. R. Civ. P. 9............................................................................................................ 4

Fed. R. Civ. P. 12.......................................................................................................... 1

iv

## PRELIMINARY STATEMENT

Plaintiff Joginder Singh (hereinafter "Plaintiff") respectfully submits the instant memorandum of law in further support of its motion to dismiss Defendants' Second Amended Answer and Counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").

## FACTS

Plaintiff respectfully incorporates by reference the facts set forth in its Complaint and Defendants' Second Amended Answer and Counterclaim. See ECF Docket Entries 1 and 40.

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

*First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; see also Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).

*Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See Iqbal, 556 U.S. at 679.  To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility." See Iqbal, 556 U.S. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555, 557 (2007) (pleadings must contain more than "labels and conclusions" or "a formulaic recitation of the elements").

1

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

## ARGUMENT

**I.  Defendants' First Counterclaim for Conversion Fails to State a Claim for Relief**

Conversion under New York law requires a plaintiff to allege (1) "possessory right or interest in the property [internal citations omitted] and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights [internal citations omitted]." See Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 50, 860 N.E.2d 713 (2006). "'A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession.'" See Coughlan v. Jachney, 473 F. Supp. 3d 166, 200 (E.D.N.Y. 2020) (internal citations omitted).

Crucially, "[c]onversion requires the defendant to exclude the true owner from exercising her rights over the goods at issue." See Superb Motors Inc. v. Deo, 776 F. Supp. 3d 21, 85 (E.D.N.Y. 2025) (internal citations omitted); see also Zebra Strategies, Inc. v. Gonzalez-Nazario, 764 F.Supp.3d 144, 160 (S.D.N.Y. 2025) ("having access and control is not sufficient to show conversion under New York law, which requires also "'that the defendant exclude the owner from exercising her rights over the goods.'…").

Courts also routinely dismiss conversion claims where alleged damages are unsupported or duplicative of other causes of action. See Command Cinema Corp. v. VCA Labs, Inc., 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) ("A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations. There is no conversion action where

2

damages are sought for breach of contract. Rather, a plaintiff must show acts that were unlawful or wrongful as opposed to violations of contractual rights").

Here, Defendants merely allege, in conclusory terms, that plaintiff "improperly used" their accounts and converted assets in an amount of over $300,000.00. See ECF Docket Entry 40 at ¶¶ 20-23. However, they fail to identify any specific account, transaction, date, or what "personal use" Plaintiff allegedly converted such assets for. Id. Defendants thus fail to state a claim for conversion under New York law.

In addition, Plaintiff was an authorized signatory with access to the accounts at issue. Id. ¶¶ 3, 5-6. One cannot "convert" property to which one has lawful access. See Coughlan, 473 F. Supp. 3d at 200. Further, Defendants do not allege any facts pertaining to how Plaintiff prevented Defendants from exercising their rights over their own assets. See Superb Motors, Inc., 776 F. Supp. 3d at 85. In fact, Defendants admit that they had the access necessary to pay fees to the New York City Department of Buildings and to transfer the permits to a company which Plaintiff did not share access to. See ECF Docket Entry 40 ¶ 24. Shared access renders a conversion claim impossible. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir.), certified question accepted, 7 N.Y.3d 837 (2006), and certified question answered, 8 N.Y.3d 283, 864 N.E.2d 1272 (2007) (conversion involves "'[…] the *exclusion* of the owner's rights' [internal citation omitted]") (emphasis added); see also LoPresti v. Terwilliger, 126 F.3d 34, 42 (2d Cir. 1997) (conversion involves "'[…] intent to exercise dominion or control over property in a manner *inconsistent with the rights of another*.' [internal citation omitted]") (emphasis added).

Finally, Defendants' claimed damages—including $100,000 in regulatory permit fees—are speculative, as Defendants do not adequately allege how Plaintiff proximately caused such damages by any alleged *conversion*.

Even if it were true that Plaintiff "embezzled more than $300,000 from the corporation's bank account […] with no legitimate business purpose" – which it is not – that still would not support a claim for conversion, as Defendants were never excluded from their own corporation. See ECF Docket Entry 40 ¶ 14.

**II.      Defendants' Second Counterclaim for Fraud Fails to State a Claim for Relief**

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b). This means the pleading must meet a "heightened" standard, specifying the who, what, when, where, and why of the alleged misrepresentation. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (cited in In re IBM Arbitration Agreement Litigation, 76 F.4th 74, 87 (2d Cir. 2023)).

Here, Defendants fail to meet this heightened standard in alleging fraud. Defendants merely allege that "[P]laintiff misrepresented the nature and/or purpose of [P]laintiff's payments and/or withdrawals as legitimate business purchases," without specifying the when, where, and how as required under Rule 9(b). See ECF Docket Entry 40 at ¶ 27; see also Lerner, 459 F.3d at 290.     Further, Defendants' allegations continue to speculate that payments and/or withdrawals "were made by [P]laintiff for [P]laintiff's personal use and financial gain at [D]efendants' expense." See ECF Docket Entry 40 ¶ 27. Even though they provide facts which are more comprehensive than those in their initial Amended Answer and Counterclaims, these facts are also underdeveloped; the allegation that Plaintiff "withdr[ew] cash or wr[ote] checks to his wife, with no legitimate business purpose" is entirely speculative and without merit. See ECF Docket Entry 40 ¶ 14. Like in IBM, these allegations "fail[] to identify when or where […] 'inaccurate and/or misleading information'" was relayed. See In re IBM Arb. Agreement Litig., 76 F.4th at 87.

Based on the foregoing, Defendants' second counterclaim for fraud must also be dismissed.

### III.    Defendants' Third Counterclaim for Unjust Enrichment Is Duplicative & Fails

Unjust enrichment requires Defendants to plead that (1) the plaintiff was enriched, (2) at the defendants' expense, and (3) equity and good conscience require restitution. See Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011). Unjust enrichment requires some relationship or dealings between the parties. Id.

Courts routinely dismiss unjust enrichment claims that are pled in bare terms. See Clark v. Daby, 300 A.D.2d 732, 732-733 (3d Dept. 2002) ("the mere fact that the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment", i.e. where any benefit to defendant is "purely incidental"). The claim "is not a catchall cause of action to be used when others fail" and is not available where it duplicates tort or contract claims. See Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012). Further, courts in this district routinely dismiss unjust enrichment claims as duplicative where they rest on the same facts as other claims. See Nelson v. MillerCoors, LLC, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017).

Here, Defendants' counterclaim for unjust enrichment is inadequate on its face. First, Defendants plead no facts showing that plaintiff's alleged "substantial economic benefit" came at their direct expense. See ECF Docket Entry 40 ¶¶ 32, 35-36. Defendants' pleadings here consist of nothing more than "a formulaic recitation of the elements," cautioned against in Twombly, 550 U.S. at 555. For this reason, Defendants fail to state a claim for unjust enrichment. Further, Defendants' allegations regarding unjust enrichment mirror their counterclaims for conversion and fraud, by echoing the same vague facts regarding alleged misuse of funds.

5

This is duplicative, and amounts to the unjust enrichment claim being included as a mere catchall, which the Court of Appeals has cautioned against and frowned upon. Therefore, Defendants' third counterclaim must be dismissed.

### IV.      Defendants' Fourth Counterclaim for Breach of Fiduciary Duty Similarly Fails

Breach of fiduciary duty claims are dismissed where parties fail to adequately allege same; merely labeling a relationship a "partnership" or "joint venture" is insufficient by itself. See Northern Shipping Funds I, LLC v. Icon Capital Corp., 921 F. Supp. 2d 94, 101-102 (S.D.N.Y., 2013) (cited in I Candy by JW LLC v. Spin Master Ltd., 2018 WL 11697440, at *12 (E.D.N.Y., 2018)).

Establishing a fiduciary relationship is "necessarily fact-specific, [and] grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions. [...] If the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them." See N. Shipping Funds, 921 F. Supp. 2d at 101.

Here, Defendants' allegation that Plaintiff was a "business partner" is a great mischaracterization of the facts. See ECF Docket Entry 40 ¶ 39. Indeed, Plaintiff was merely a construction laborer, employed by Defendants. See ECF Docket Entry 1 ¶ 24. The mere fact of their familial relationship should not "transport" their relationship to one requiring a fiduciary duty. See ECF Docket Entry 40 ¶ 2; see also N. Shipping Funds, 921 F. Supp. 2d at 101. Either way, under both sets of pleadings, the allegations therein are inadequate to establish the existence of some level of trust placed in Plaintiff by Defendants.

6

Although an employee's duties may involve a higher level of trust warranting a fiduciary relationship, Defendants fail to allege any such facts here, resulting in the necessary finding that Defendants fail to state a claim for relief on their breach of fiduciary duty claim.

Therefore, Defendants' fourth counterclaim must be dismissed.

**V.     Defendants' Fifth Counterclaim for Forfeiture (Disgorgement) Fails**

Disgorgement is premised upon the idea that a harm has been incurred upon a victim. See Sec. & Exch. Comm'n v. Govil, 86 F.4th 89, 103 (2d Cir. 2023) ("The *return* of funds presupposes pecuniary harm. Funds cannot be returned if there was no deprivation in the first place") (emphasis in original).

Defendants' counterclaim relies on a fact which does not exist; that Defendants have incurred wrongful damages in the form of Plaintiff's usurping of $300,000.00 for his own personal use, and that they were subsequently required to pay $100,000.00 to transfer permits to mitigate those alleged damages caused by Plaintiff. See ECF Docket Entry 40 at ¶¶ 46, 48. As Plaintiff has already elaborated upon in his Complaint, any such perceived loss of funds can be attributed to Defendants' own fraudulent scheme, which involved their forming a corporation in Plaintiff's name without his knowledge, taking all of the assets and money out of the business, and engaging in wire fraud, mail fraud, the use of forged instruments, and other wrongful criminal acts. See ECF Docket Entry 1 ¶¶ 1-2. Plaintiff maintains that, if any harm has been incurred, it has been on him, the true victim.  Therefore, Defendants' fifth counterclaim must be dismissed.

**VI.     Defendants' Sixth Counterclaim for Constructive Trust Fails**

"Under New York law, a constructive trust is an equitable remedy, the key purpose of which is to prevent unjust enrichment. See In re Koreag Controle et Revision S.A, 961 F.2d 341, 354 (2d. Cir. 1992); see also Simonds v. Simonds, 45 N.Y.2d 233, 242 (1978).

7

A party seeking the imposition of a constructive trust generally must establish that there is 'clear and convincing evidence of: (1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer in reliance on such a promise; and (4) unjust enrichment.' [internal citation omitted]." See In re Chowaiki & Co. Fine Art Ltd., 593 B.R. 699, 718–19 (Bankr. S.D.N.Y. 2018).

Here, Defendants have not pled, and cannot plead, any of the elements necessary to impose a constructive trust. *First*, as we have established in the foregoing section on fiduciary duty, there is no such fiduciary relationship. *Second*, no promise was ever made, express or implied, beyond Plaintiff's employment agreement with Defendants (who employed him as a mere construction laborer). See ECF Docket Entry 1 ¶ 3. *Third*, there was no related transfer in reliance, since there was no promise. *Fourth*, as argued concerning the unjust enrichment claim, no facts have been alleged to support same.  Thus,  Defendants' sixth counterclaim must be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that dismissal of Defendants' Second Amended Answer with Counterclaim should be granted.

Dated:  Jamaica, New York
      April 2, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA EMAIL**
All counsel of record

8