UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOGINDER SINGH,

                                Plaintiff,

             -against-

Case No.: 1:25-cv-776 (NCM) (VMS)

TOPLINE NYC CONTRACTING INC.,
TOPLINE NYC INC., GURPREET SINGH, and
LAKHVINDER SINGH,

                              Defendants.
-------------------------------------------------------------------X

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS ............................................................................................................................... 1

LEGAL STANDARD.......................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    **I.**  Defendants' First Counterclaim for Conversion Fails to State a Claim for Relief............. 1

    **II.**  Defendants' Second Counterclaim for Fraud Fails to State a Claim for Relief.................. 4

    **III.** Defendants' Third Counterclaim for Unjust Enrichment Is Duplicative and Fails ............ 5

    **IV.** Defendants' Fourth Counterclaim for Breach of Fiduciary Duty Similarly Fails .............. 6

    **V.**  Defendants' Fifth Counterclaim for Forfeiture (Disgorgement) Fails................................ 7

    **VI.** Defendants' Sixth Counterclaim for Constructive Trust Fails .......................................... 7

CONCLUSION.................................................................................................................... 8

## PRELIMINARY STATEMENT

Defendants' opposition does not cure the fatal pleading deficiencies identified in Plaintiff's moving papers. Instead, Defendants repeatedly rely on factual assertions contained in counsel's memorandum rather than allegations actually pleaded in the Second Amended Answer and Counterclaims. On a Rule 12(b)(6) motion, the Court may consider only the facts pleaded in the counterclaims themselves, not new factual theories advanced through attorney argument.

The opposition largely confirms the deficiencies identified by Plaintiff. Defendants continue to rely upon conclusory allegations that Plaintiff "embezzled" funds, "stole" corporate assets, and wrote checks to his wife, but they still fail to identify a single allegedly improper transaction, date, check number, withdrawal, amount, or specific misrepresentation. As such, the counterclaims remain legally insufficient and should be dismissed.

## ARGUMENT

## I. DEFENDANTS' CONVERSION CLAIM REMAINS DEFECTIVE

Defendants argue that the conversion claim survives because corporate officers who misappropriate corporate funds may be liable for conversion.  Defendants are wrong.  Plaintiff never argued a corporate officer can never commit conversion; he argued Defendants failed to plead the elements of conversion. The issue is not whether such a claim is theoretically available, but whether Defendants adequately pleaded one. The counterclaim contains only generalized allegations that Plaintiff "embezzled more than $300,000" and withdrew money from a corporate account. Defendants do not identify any specific withdrawal, transfer, check, date, recipient, or transaction. See Kohler v. Errico, 2011 WL 1077722, at *6 (S.D.N.Y. Feb. 23, 2011) (citing Pinnacle Consultants, Ltd. v. Leucadia National Corp., 923 F. Supp. 439, 447 (S.D.N.Y.1995) (a complaint that offers no factual basis for inferring conversion must be dismissed)).

3

Such conclusory allegations do not satisfy Twombly or Iqbal.

Defendants further argue that they identified a specific fund—the Capital One account. Defendants are wrong. Identifying a bank account is not the same as identifying specific funds allegedly converted. New York courts require identifiable funds and factual allegations demonstrating wrongful dominion over those funds. See, e.g., In re Verestar, Inc., 343 B.R. 444, 466 (Bankr. S.D.N.Y. 2006) ("Notwithstanding its contentions, the Committee has not cited any authority that has applied the tort of conversion to a dispute over an affiliate's operation of a common cash management system, and there is no cause in this case to do so. For certain purposes relating to cash management accounts, the courts have focused on the issue of control, finding that the cash is property of the entity that has control, and the 'unfettered discretion to pay creditors of its own choosing,' even where the account contains commingled funds") (citing In re Southmark Corp., 49 F.3d 1111, 1116 (5th Cir.1995); In re Regency Holdings (Cayman), Inc., 216 B.R. 371, 377 (Bankr. S.D.N.Y.1998) (same). Here, Defendants merely allege a total amount allegedly missing from an account over a period of years. They do not identify what money was allegedly converted, when it was converted, or how Plaintiff exercised dominion over it in derogation of Defendants' rights. The counterclaim therefore fails to state a claim for conversion.

Defendants also ignore a critical defect: their own pleading admits that Plaintiff was listed as president of the corporation and was an authorized account signatory. The counterclaims contain no facts demonstrating that Plaintiff lacked authority to make any particular withdrawal. Most importantly, Defendants fail to allege that Plaintiff excluded them from exercising ownership rights over the property. Their own pleading admits that Defendants accessed the account, reviewed its records, and later transferred permits to another company. See Skyline Risk Mgmt., Inc. v. Legakis, 733 F. Supp. 3d 316, 326 (S.D.N.Y. 2024) (holding that, under New York

4

law, "[w]here the original possession [of the chattel] is lawful, a conversion does not occur until the defendant refuses to return [the chattel] after demand or until [the defendant] sooner disposes of [the chattel]") (citing Thyroff v. Nationwide Mut. Ins. Co., 360 F. App'x 179, 180 (2d Cir. 2010)). The absence of allegations showing exclusion remains fatal to the conversion claim.

## II. DEFENDANTS EFFECTIVELY CONCEDE THAT THEIR FRAUD CLAIM FAILS

Defendants acknowledge that their fraud allegations are not pleaded with sufficient particularity under Rule 9(b), stating that they "recognize that the counterclaim as currently constituted is not pled with sufficient particularity under Rule 9(b)." Opposition at 3. That concession alone warrants dismissal. See Rios v. City of New York, No. 14-CV-894 (KBF), 2016 WL 9022590, at *4 (S.D.N.Y. May 17, 2016), aff'd, 687 Fed. Appx. 88 (2d Cir. 2017) (unpublished) ("Rios's § 1985 conspiracy claims are subject to dismissal because in her opposition brief she concedes that those claims are legally insufficient").

Defendants argue that they have subpoenaed bank records and may later revisit the issue. But this is improper. The sufficiency of a pleading is judged by what is currently alleged, not by evidence that may later be obtained in discovery. Rule 9(b) requires particularized allegations before discovery, not after it.

The counterclaim still fails to identify: (i) any specific false statement; (ii) who made it; (iii) when it was made; (iv) where it was made; (v) to whom it was made; or (vi) why it was false. Defendants' concession that their fraud claim is inadequately pled confirms dismissal is required.

## III. THE BREACH OF FIDUCIARY DUTY CLAIM FAILS BECAUSE IT IS NOT THE CLAIM ACTUALLY PLEADED

Defendants now argue that Plaintiff owed fiduciary duties because he was the corporation's president under New York Business Corporation Law ("BCL") § 715. Defendants are wrong. That is not the theory pleaded in the counterclaim.

5

The counterclaim alleges that Plaintiff owed fiduciary duties because he was an alleged "business partner." Counterclaim ¶¶ 39-42. It does not allege a fiduciary-duty claim based on Plaintiff's status as a corporate officer under BCL § 715.  A party cannot amend a pleading through opposition papers.  See In re Petrobras Secs. Litig., No. 14-CV-9662, 2016 WL 11671141, at *3 (S.D.N.Y. Mar. 25, 2016) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss").

Even if the Court considers Defendants' new theory, the counterclaim still lacks factual allegations describing the scope of Plaintiff's duties, the nature of any alleged misconduct, or any facts establishing how Plaintiff breached those duties beyond the same conclusory allegations that form the basis of every other counterclaim.

The fiduciary-duty claim therefore remains inadequately pled.

## IV. THE NEWLY ASSERTED "DUTY OF LOYALTY" CLAIM CANNOT SAVE THE COUNTERCLAIMS

Defendants devote an entire section of their opposition to a supposed counterclaim for breach of the duty of care and duty of loyalty.  Defendants are wrong, as no such counterclaim exists.  The Second Amended Counterclaim contains six causes of action: (1) Conversion; (2) Fraud; (3) Unjust Enrichment; (4) Breach of Fiduciary Duty; (5) Forfeiture/Disgorgement; and (6) Constructive Trust.

There is no separate claim for breach of the duty of care or breach of the duty of loyalty. Defendants therefore devote substantial portions of their opposition to defending claims they never pled.  This court need not consider new allegations "raised for the first time in Plaintiff's opposition brief[.]" See Eden Alpha CI LLP v. Polished.com Inc., 763 F. Supp. 3d 270, 313 n.11 (E.D.N.Y. 2025) (collecting cases); see also Russo v. Keough's Turn of the River Hardware, LLC, No. 11-CV-994 (VB), 2012 WL 4466626, at *6 (S.D.N.Y. Sept. 25, 2012) (reasoning that "[i]t is

well-settled that a court is not required to consider new  theories of liability raised for the first time in opposition" papers).

To the extent Defendants attempt to recharacterize the fiduciary-duty claim, such arguments cannot cure the deficiencies in the pleading itself.

### V. THE UNJUST ENRICHMENT CLAIM REMAINS DUPLICATIVE

Defendants argue that unjust enrichment may be pled in the alternative.  Defendants are wrong.   Plaintiff does not dispute that alternative pleading is permissible in appropriate circumstances. The problem is that Defendants' unjust enrichment claim is entirely duplicative of their conversion, fraud, and fiduciary-duty claims.  Every factual allegation supporting the unjust enrichment claim is identical to the allegations supporting the other claims: namely, that Plaintiff allegedly took corporate money for personal use. Defendants identify no independent facts supporting unjust enrichment.  See Cornhusker Farms, Inc. v. Hunts Point Co-op. Mkt., Inc., 2 A.D.3d 201, 206 (2003) (holding that, as a general matter, "the existence of a valid and enforceable written contract precludes recovery on a theory of unjust enrichment").

Nor do they address Plaintiff's argument that the claim consists largely of formulaic recitations of the elements without factual support.  See Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); see also Bombard v. Central Hudson Gas & Elec., 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

Accordingly, the unjust enrichment claim should be dismissed.

## VI. THE FORFEITURE/DISGORGEMENT CLAIM STILL FAILS

Defendants do not meaningfully respond to Plaintiff's argument concerning disgorgement. Instead, Defendants simply repeat the allegation that Plaintiff wrongfully obtained more than $300,000. Defendants are wrong.

The disgorgement claim depends entirely upon the existence of actionable underlying misconduct. Because the underlying conversion, fraud, and fiduciary-duty claims are inadequately pleaded, the derivative disgorgement claim necessarily fails as well.

Moreover, Defendants continue to ignore Plaintiff's allegations that Defendants themselves orchestrated the underlying corporate structure and controlled the company's finances, allegations that directly undermine their theory that Plaintiff alone caused the claimed losses.

## VII. THE CONSTRUCTIVE TRUST CLAIM FAILS BECAUSE DEFENDANTS STILL DO NOT ALLEGE THE REQUIRED ELEMENTS

Defendants argue that constructive trust principles should be applied flexibly. Defendants are wrong. Even under a flexible approach, Defendants must still plead facts supporting the traditional elements. They have not done so. Defendants now argue that an implied promise arose from Plaintiff's positional access to corporate funds. But the counterclaim identifies no actual promise.

Likewise, Defendants do not identify any transfer made in reliance upon any promise. Instead, they allege only that Plaintiff had access to a corporate account and later misused funds. Those allegations do not satisfy the transfer-in-reliance element.

Further, because the unjust enrichment claim is inadequately pleaded, the constructive trust claim fails for that independent reason as well.

8

**CONCLUSION**

Defendants' opposition confirms rather than cures the deficiencies identified in Plaintiff's motion. Defendants rely on new theories not pleaded in their counterclaims, concede that their fraud claim fails Rule 9(b), and continue to offer only conclusory allegations regarding the remaining causes of action.

Accordingly, Plaintiff respectfully requests that the Court grant the motion and dismiss Defendants' counterclaims in their entirety.

Dated:  Jamaica, New York
        June 5, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA EMAIL**
All counsel of record

9