## Lila Ayers, Esq.
### 8 East Prospect Avenue, Suite A1
### Mount Vernon, NY 10550
### (914) 699-5220
### lilaayerslaw@aol.com

June 13, 2026

*Via ECF*
Hon. Vera M. Scanlon, Chief U.S. Mag. Judge
United States District Court for the Eastern District of New York

> **Re:** **Singh v. Topline NYC Contracting Inc., et al.**
> **1:25-cv-00776-NCM-VMS**

Dear Chief Mag. Judge Scanlon:

Please accept this letter, pursuant to your Rule 37(a)(1) of the Federal Rules of Civil Procedure, EDNY Local Rule 37.2, and your Honor's Individual Practices III.b., as defendants' request for a pre-motion discovery conference.

Defendants have made the following requests for authorizations/documents for your client for the period of 2018-2024:

- May 1, 2026 release of unemployment records, federal and state tax returns, medical records, and a FOIA request for SBA loan information.

- May 18, 2026 request for copies of passport(s) showing international travel.

- May 19, 2026 release of social security and Medicaid information.

As of today, the authorizations sent from May 1st are overdue. Rule 34. The others are not due yet, but all they involve is typing in the relevant information and having your client sign.

I have attempted to confer in good faith regarding this. I sent plaintiff's counsel a good faith letter on Sunday, June 7th. *See,* Email and Good Faith Letter, annexed as Exhibit A. Having received no response, on Thursday, June 11th, I sent a follow up e-mail, annexed as Exhibit B, to respond by yesterday, Friday, June 12th. It's now Saturday morning and there was no response, whatsoever.

Rule 33(b)(4) expressly provides that any ground not stated in a timely objection to interrogatories is waived unless the court, for good cause, excuses the failure. In *Allied World Insurance Company v. Keating*, 2022 WL 538211 (D.Conn. 2022), the D. Conn. applied Rule 33's waiver provision to Rule 34 document requests, reasoning that "Because these Discovery Rules work in tandem, courts apply Rule 33's waiver provision to instances in which a party fails to timely object to document requests." Courts have held that a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available. *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161 (S.D.N.Y. 2011); *United States v. Phillips*,

1

2022 WL 17742342 (E.D.N.Y. 2022).

Here are the grounds for requesting these documents:  During the period in question, my clients believe that your client:  (1) Made 10-20 trips to India; (2) Applied for and received unemployment benefits; (3) Had two major surgeries: triple bypass and knee replacement; (4) Received a Covid-era loan in relation to, or on behalf of, Topline NYC Contracting, Inc.; (5) Applied for and obtained Social Security disability and Medicaid benefits, including having his son, employed as a home health aide.  All of this information is relevant to plaintiff's alleged tenure as a C.E.O./President of defendant Topline and to defendants' cross claim that he embezzled monies from their bank account, while doing no actual work for the company.

Discovery in federal civil litigation is governed by Rule 26(b)(1), which permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  The proportionality analysis considers the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*  In this case, the factual circumstances make virtually all of the requested authorizations highly relevant.  To wit:

International Travel Records and Passport

The authorization for international travel records and the request for a copy of plaintiff's passport are directly relevant to the conversion counterclaim. Plaintiff claims he was falsely made CEO while simultaneously traveling internationally, the travel records bear on whether he actually functioned as CEO, whether he was present to authorize or direct financial transactions, and whether his activities were consistent with or inconsistent with his claimed status.

Unemployment Benefits Records

The authorization for unemployment benefits records is highly likely to be compelled. Unemployment benefits are relevant to plaintiff's financial condition, his claimed status as CEO (since a sitting CEO would ordinarily not be eligible for unemployment), and potentially to the damages analysis. In *Charles v. Pinnacle Too, LLC*, 2024 WL 3297096 (S.D.N.Y. 2024), the S.D.N.Y. ordered production of unemployment records as relevant to damages and mitigation. In *Lockett v. Target Corp.*, 2021 WL 6498200 (D.Conn. 2021), the D. Conn. compelled a plaintiff to sign an authorization for release of unemployment compensation records.

Social Security Disability Benefits Records

The authorization for SSD records is similarly well-supported. In *Robinson v. U.S.*, 205 F.R.D. 104 (W.D.N.Y. 2001), the W.D.N.Y. ordered a plaintiff to provide an authorization for Social Security records, reasoning that the records were relevant to verify whether the plaintiff had filed for disability benefits and to establish his earnings history. Here, the SSD records are highly relevant: if plaintiff was simultaneously serving as CEO of a company and receiving SSD benefits — which are available only to individuals who cannot engage in substantial gainful activity — this creates a direct contradiction that goes to the heart of both plaintiff's claim (that he was the CEO) and defendants' counterclaim (that he was misappropriating funds while not genuinely performing CEO functions).  Any objection based on privacy is unlikely to succeed, as the Privacy Act (5 U.S.C. § 552a) does not bar the subject person from authorizing release of his own records. *Warren v. Colvin*, 744 F.3d 841 (2d Cir. 2014).

Home Health Aide Approval Records

The authorization for records relating to the approval of plaintiff's son as a home health aide are relevant for the same reason as the SSD records: if plaintiff required a home health aide during the period he claims to have been serving as CEO and traveling internationally, this bears directly on his capacity to perform CEO functions and on the credibility of his claim. The records may also reveal information about plaintiff's medical condition and financial arrangements that are relevant to the conversion counterclaim.  You may object that these records are protected health information under HIPAA, but HIPAA expressly permits disclosure of protected health information in judicial proceedings 45 CFR §  164.512 (Portions of 45 C.F.R. § 164.512 were vacated by *Purl v. United States Dep't of Health & Hum. Servs.*, 787 F. Supp. 3d 284 (N.D. Tex. 2025), though subsection (e) regarding judicial proceedings remains in effect.) Courts in the 2nd Circuit have consistently held that HIPAA does not create a physician-patient privilege and provides a procedure — not a prohibition — for disclosure in litigation. *Bayne v. Provost*, 359 F.Supp.2d 234 (N.D.N.Y. 2005).

Medical Records: Triple Bypass and Knee Replacement Surgery

Plaintiff's medical condition is relevant to his capacity to serve as CEO, to his eligibility for SSD benefits, and to the credibility of his claim that he was actively functioning as CEO while simultaneously recovering from major surgeries.  District courts in the Second Circuit have held that a plaintiff may not put her medical condition at issue and simultaneously shield medical records relevant to that condition. *Vargas v. United States*, 401 F.Supp.3d 346 (E.D.N.Y. 2018).

Tax Returns (Federal and State)

While not privileged, courts apply a two-part test before ordering their production: (1) the returns must be relevant to the subject matter of the action, and (2) there must be a compelling need because the information is not otherwise readily obtainable. *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482 (S.D.N.Y. 1964); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545 (S.D.N.Y. 1985). In the present case, defendants can make a strong showing of relevance: plaintiff's tax returns for the years of his claimed CEO tenure would reveal his reported income, its sources, and whether he reported income from the defendant corporation consistent with his claimed role. In *Reserve Solutions, Inc. v. Vernaglia*, 238 F.R.D. 543 (S.D.N.Y. 2006), a conversion and breach of fiduciary duty case directly analogous to the present dispute, the S.D.N.Y. ordered production of the former officer's tax returns for the years of the business relationship, finding that his total income and its sources were central to resolving the controversy. The court denied returns for years prior to the relationship as insufficiently relevant.

Conclusion

Defendants' respectfully submit they are entitled to the requested documents and authorizations, such that a conference is not necessary, but are happy to participate.

Very truly yours,

*Lila Ayers*

Lila Ayers