# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

June 26, 2026

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Vera M. Scanlon, Chief U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

> Re:   **Singh v. Topline NYC Contracting Inc.,** *et al.*
> **<u>Case No.: 1:25-cv-776 (NCM) (VMS)</u>**

Dear Judge Scanlon:

This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case.  Plaintiff submits this letter response in opposition to Defendants' motion to compel discovery in accordance with this Court's Order dated June 13, 2026.

**<u>Relevant Factual Background and Procedural History</u>**

This case was commenced on February 11, 2025.  <u>See</u> ECF Docket Entry <u>1</u>.  On July 25, 2025, Plaintiff served his responses to Defendants' discovery demands.

On May 1, 2026, Defendants sent an informal email attaching authorizations together with a FOIA request.  No formal demand for production of documents accompanied the authorizations. On May 18, 2026, Defendants sent another informal email asking for "copies of your client's complete passport(s) during this period, showing international travel."  Again, no formal demand for production accompanied this request.  On May 19, 2026, Defendant sent yet another email attaching two other authorizations.  Yet again, no formal demand for production of documents accompanied the email.

**<u>Defendants' Motion to Compel Discovery Never Formally Demanded Must be Denied</u>**

The Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") govern discovery in civil cases before this Court.  The Rules provide that a party may serve on any other party a request to produce items in the responding party's possession, custody, or control any designated documents or electronically stored information.  <u>See</u> Fed. R. Civ. P. 34(a)(1).  Such a request must describe with reasonable particularity each item or category of items to be inspected, must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced.  <u>See</u> Fed. R. Civ. P. 34(b)(1).

Here, as an initial matter, Defendants failed to follow the procedure required by the Rules to make their requests.

Their informal email requests fail to comply with the Rules in that they do not describe with reasonable particularity each item or category of items to be inspected, nor do they specify a reasonable time, place, and manner for the inspection and for performing related acts. Accordingly, because Defendants failed to actually serve Plaintiff with a formal request for the production of documents, it follows that their motion to compel informal non-existent requests sent via email must be denied.

To that end, Defendants' motion to compel is also destined for doom because Defendants served via email their informal requests for the production of documents. But Rule 5 does not permit service of discovery documents via email unless a party consents to same in writing. See Fed. R. Civ. P. 5(b)(2)(F). Plaintiff did not agree to accept service via email, let alone in writing. Defendants did not serve the discovery demands pursuant to any of the means permitted in Rule 5. See Fed. R. Civ. P. 5(b)(2)(A)-(E) (providing that service may be made by handing it to the person, leaving it at the person's office with a clerk or other person in charge or in a conspicuous place in the office (or at the person's dwelling), mailing it to the person's last known address, leaving it with the court clerk, or sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means consented to in writing). Defendants failed to include any proof of service of the discovery demands as required by Rule 5. This second fatal defect requires denial of their motion to compel.

Moreover, Defendants failed to include a copy of the discovery or disclosure requests as required by the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "Local Civil Rule(s)"), *and set forth the grounds on which the moving party is entitled to prevail for each request or response* as required by same. See Local Civil Rule 37.1. Here, although Defendants included their good faith attempts to contact your undersigned, they altogether failed to include a copy of the discovery or disclosure requests as required by the Local Civil Rules. This is, of course, because no formal requests exists.

For the foregoing reasons, Defendants' motion letter motion to compel discovery should be denied, and Defendants should be directed to conduct discovery in this case as required by the Rules.

Dated: Jamaica, New York
June 26, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

**VIA ECF**
All counsel of record

*Attorneys for Plaintiff*
*Joginder Singh*

2