# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**


August 31, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Vera M. Scanlon, Chief U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

**Re: Singh v. Topline NYC Contracting Inc., *et al.***
**Case No.: 1:25-cv-776 (NCM) (VMS)**

Dear Judge Scanlon:

This firm represents Plaintiff Joginder Singh (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff submits this letter response in opposition to Defendants' motion to compel discovery dated August 12, 2026 and August 21, 2026. See ECF Docket Entries 72 and 73.

**Relevant Factual Background and Procedural History**

On May 1, 2026, Defendants sent an informal email attaching authorizations together with a FOIA request. No formal demand for production of documents accompanied the authorizations. On May 18, 2026, Defendants sent another informal email asking for "copies of your client's complete passport(s) during this period, showing international travel." Again, no formal demand for production accompanied this request. On May 19, 2026, Defendant sent yet another email attaching two other authorizations. Yet again, no formal demand for production of documents accompanied the email.

On July 9, 2026, this Court heard argument on Defendants' motion, eschewed Defendants' requirement to make a formal demand, and required Plaintiff to sign authorizations. The minute entry for the aforesaid appearance was filed on August 24, 2026; the dictates of the Order have not been provided, and no transcript has been obtained.

**Defendants' Motion to Compel Discovery Must be Denied**

Meanwhile, Defendants have demanded signed authorizations, but have not provided Plaintiff with authorizations to sign. Plaintiff is not in possession of any authorizations and does not know where to obtain them. Given the lack of any formal demand, it seems unsurprising that Defendants did not bother to provide authorizations to sign. But the onus was never on Plaintiff to create authorizations that he, himself, would sign.

The Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") govern discovery in civil cases before this Court.

The Rules provide that a party may serve on any other party a request to produce items in the responding party's possession, custody, or control any designated documents or electronically stored information. See Fed. R. Civ. P. 34(a)(1).

Such a request must describe with reasonable particularity each item or category of items to be inspected, must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced. See Fed. R. Civ. P. 34(b)(1).

Defendants are required to provide authorizations that they wish for Plaintiff to sign; this is the normal and customary way authorizations ar eprovided. See, e.g., Bullock v. Montefiore Medical Center, No. 25-CIV.-2825 (DEH) (KHP), ECF No. 74, at 1 (S.D.N.Y. July 23, 2026) (directing: (i) the plaintiff to execute the "two HIPAA authorizations *provided by Defendant*;" and (ii) the defendant – the party seeking the authorizations – to "promptly provide Plaintiff, in both electronic and hard-copy form," with the authorization forms).

As for other items that do not require an authorization, it is incumbent upon Defendants to provide Plaintiff with a copy of the Order by requesting the transcript (as the items ordered to be produced do not appear on the docket or in a separate Order).

For the foregoing reasons, Defendants' motion letter motion to compel discovery should be denied, and Defendants should provide the authorizations they wish for Plaintiff to sign.

For the same reasons, the conference currently scheduled for Wednesday, September 2, 2026 should be adjourned. Your undersigned is required to attend court-annexed mediation in the matter of Lewis v. Children of Promise Wellness Group, LLC, Case No.: 1:25-cv-1811 (MKB) (MMH) on this date and cannot appear for the conference in this case as a result of same. In light of Defendants' failures to provide the authorizations they wish for Plaintiff to sign, it is respectfully submitted that the conference would not be a productive use of the Court's time.

Dated: Jamaica, New York
August 31, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Joginder Singh*

**VIA ECF**
All counsel of record