UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOGINDER SINGH,

Plaintiff,

-against-

TOPLINE NYC CONTRACTING INC., TOPLINE NYC INC., GURPREET SINGH, and LAKHVINDER SINGH,

Defendants.
-------------------------------------------------------------X

Case No. 1:25-cv-00776-NCM-VMS

**DEFENDANTS' COUNTER LOCAL RULE 56.1 STATEMENT**

Defendants Topline NYC Contracting Inc., Topline NYC Inc., Gurpreet Singh, and Lakhvinder Singh (collectively, the "Defendants"), by their attorney, Lila Ayers, Esq., respectfully submit the following Response and Counter-Statement of Material Facts pursuant to Local Civil Rule 56.1(b) of the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule III.A.4 of the Individual Practice Rules of the Honorable Natasha C. Merle, U.S.D.J., in opposition to Plaintiff-Counterclaim-Defendant Joginder Singh's ("Plaintiff") anticipated motion for summary judgment dismissing Defendants' counterclaims.

**PART I: RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT**

**A. The Counterclaims**

1. **Admitted.**
2. **Admitted.**
3. **Admitted in part and denied in part.** Defendants admit that paragraphs 19, 25, 31, 38, 44, and 49 incorporate paragraphs 1 through 18 of the Counterclaim. Defendants deny that each counterclaim rests solely on paragraphs 1 through 18, as each cause of action sets forth additional specific factual allegations in paragraphs 20–24, 26–30, 32–37, 39–43, 45–48, and 50–57.

**B. Defendants' Admissions Concerning Plaintiff's Role**

4. **Admitted.** (*See also* ECF 40, Countercl. ¶¶ 1–3; Defendants' Rule 56.1 Statement ¶ 2).
5. **Admitted in part and clarified.** Defendants admit that Plaintiff was to have no role in the management or operations of the business, with the sole limited exception that for a

brief period while residing with Defendant Lakhvinder Singh ("Lakhvinder"), Plaintiff signed corporate checks on behalf of the corporation at Lakhvinder's direction. (*See* Defendants' Rule 56.1 Statement ¶ 4).

6. **Admitted in part and clarified.** Defendants admit that Lakhvinder ran the corporation and Plaintiff had no role in managing or operating the business, subject to the limited exception set forth in Paragraph 5 above. (*See* Defendants' Rule 56.1 Statement ¶ 4).
7. **Admitted.**
8. **Admitted.**
9. **Admitted.**
10. **Admitted.**
11. **Admitted.**

**C. Defendants' Discovery Responses**

12. **Admitted.**
13. **Admitted in part and denied in part.** Defendants admit that the initial February 16, 2026 interrogatory responses were signed by counsel. Defendants deny any implication that the facts asserted therein lack evidentiary support, as they are supported by sworn witness testimony, corporate records, and certified Capital One bank records.
14. **Admitted.**
15. **Admitted in part and clarified.** Defendants admit that at the time of the February 16, 2026 response, Defendants had not received formal written witness statements, though Defendants subsequently identified witnesses with direct personal knowledge of Plaintiff's lack of involvement in the business.
16. **Admitted.**
17. **Admitted** that Defendants served responses on February 16, 2026; the caption speaks for itself.
18. **Admitted in part and clarified.** Defendants admit that on February 16, 2026, Defendants had not yet received the subpoenaed banking records from Capital One, N.A., which were subsequently obtained and produced/annexed to the record. (*See* Exhibit A and Exhibit B to Defendants' November 13, 2026 Letter, ECF 80).
19. **Admitted in part and clarified.** Defendants incorporate their response to Paragraph 18 above.

20. **Admitted in part and clarified.** Defendants admit that on February 16, 2026, they were awaiting Capital One's subpoena response. Defendants subsequently obtained the Capital One records demonstrating $83,916.00 in unauthorized checks and $114,976.00 in unauthorized cash/bank withdrawals made by Plaintiff, totaling $198,892.00 in converted funds. (*See* Exhibits A and B).
21. **Admitted in part and clarified.** Defendants admit that as of February 16, 2026, no third-party subpoena documents had yet been received. Capital One subsequently produced records in response to Defendants' subpoena, and the Court granted Defendants' June 13, 2026 letter motion to compel authorizations for Plaintiff's unemployment, tax, medical, Social Security disability, Medicaid, and international travel records.
22. **Admitted in part and clarified.** Defendants admit they possessed no written witness statements on February 16, 2026, but identified eight witnesses with personal knowledge of the facts in their Rule 56.1 Statement and disclosures.
23. **Admitted in part and clarified.** Defendants incorporate their responses to Paragraphs 18–22 above.
24. **Denied.** Defendants formally updated the Court and Plaintiff regarding receipt of the complete Capital One banking records on April 27, 2026 (ECF 57), served a Second Addendum to Initial Disclosures on April 27, 2026, and produced/submitted the itemized checks and withdrawal records (Exhibits A and B).

**D. The Capital One Records**

25. **Admitted.**
26. **Admitted.**
27. **Denied.** Defendants annexed and submitted certified bank records from Capital One, N.A. bearing bank processing dates, account numbers, serial numbers, and microfilm sequence numbers as Exhibits A and B to Defendants' November 13, 2026 submission, as well as prior docket submissions (ECF 16-3 and 27-3).
28. **Denied.** In addition to ECF 16-3 and 27-3, Defendants submitted complete, itemized Capital One bank records showing 14 checks totaling $83,916.00 (Exhibit A) and 30 withdrawal tickets and cashier's checks totaling $114,976.00 (Exhibit B), each bearing Capital One microfilm sequence numbers and processing data.

**E. Witnesses and the Close of Discovery**

29. **Admitted.**

30. **Admitted in part and denied in part.** Defendants admit asserting that eight individuals—Lakhvinder Singh, Gurpreet Singh, Prabhjot Singh, Mukhbinder Singh, Manpreet Singh, Navjot Singh, Michelle Cardozo, and Clifton Moore—will testify that Plaintiff never performed work for the corporation. Defendants deny that this assertion is unsupported, as those individuals worked directly for Topline and possess personal knowledge of its operations.

31. **Admitted** that formal written affidavits have not yet been exchanged, though these witnesses are available to testify at trial and in opposition to summary judgment.

32. **Admitted in part and denied in part.** Defendants admit that general fact discovery closed on September 30, 2026, **except for previously pending discovery**, which explicitly includes the records compelled pursuant to Defendants' granted June 13, 2026 letter motion (ECF 68) regarding Plaintiff's unemployment benefits, tax returns, medical records, Social Security disability benefits, Medicaid home health aide records, and passport/international travel records, which remain outstanding.

33. **Admitted.**

34. **Admitted.**

**F. The Alleged Misrepresentations and Damages**

35. **Admitted** that Paragraph 35 accurately quotes portions of Paragraphs 27 and 29 of the Counterclaim, noting that "plaintiff was damaged" in Paragraph 29 is an obvious typographical error for "defendants were damaged," as reflected in Paragraphs 23, 30, 35, and the Wherefore clause.

36. **Admitted.**

37. **Denied.** Plaintiff repeatedly represented to Defendants that he was only signing checks and handling bank matters authorized by Lakhvinder for business purposes, while concealing that he was writing checks to himself, his wife, and his son and withdrawing cash for personal enrichment and personal vehicle purchases. (*See* Exhibits A and B).

38. **Admitted in part and clarified.** Defendants admit alleging these damages in their Counterclaim, and further specify that Defendants' Capital One bank records establish

$198,892.00 in direct unauthorized checks and withdrawals by Plaintiff ($83,916.00 in checks and $114,976.00 in withdrawals).

39. **Admitted** that Defendants have not yet produced NYC Department of Buildings receipts, without prejudice to Defendants' documented bank losses of $198,892.00.

**G. Plaintiff's Compensation and Check No. 1103**

40. **Admitted** that Check No. 1103 dated January 27, 2023 in the amount of $18,500.00 was drawn by Plaintiff payable to himself. (*See* Exhibit A, Check No. 1103, PDF Page 13).

41. **Denied.** Defendants never agreed to pay Plaintiff $18,500.00 per year or any compensation whatsoever, as Plaintiff had no role in the business. Check No. 1103 was an unauthorized self-dealing check written by Plaintiff to himself without Lakhvinder's authorization or business purpose.

42. **Denied.** Capital One bank records conclusively prove that Plaintiff wrote multiple checks from Topline's corporate account payable to his wife, Surjit Kaur (also spelled Surjeet Kaur), and his son, Amritpal Singh (also spelled Amritpaul Singh), including:

- **Checks to Plaintiff's Wife (Surjit / Surjeet Kaur totaling $19,149.00):**
  - Check No. 0146 (01/13/2022) for $3,285.00 (memo: "Comety");
  - Check No. 0211 (01/24/2022) for $3,000.00;
  - Check No. 0236 (03/28/2022) for $6,500.00; and
  - Check No. 1333 (07/08/2023) for $6,364.00 (memo: "Gift").
- **Checks to Plaintiff's Son (Amritpal Singh totaling $14,000.00):**
  - Check No. 0149 (09/02/2021) for $3,500.00;
  - Check No. 0150 (09/16/2021) for $3,500.00;
  - Check No. 0151 (09/22/2021) for $3,500.00; and
  - Check No. 0209 (01/24/2022) for $3,500.00. (*See* Exhibit A).

43. **Denied.** Plaintiff repeatedly wrote checks to himself, his wife, and his son and executed 30 cash and cashier's check withdrawals totaling $114,976.00—including cashier's checks used to purchase personal motor vehicles—without Lakhvinder's direction or authorization and for no legitimate business purpose. (*See* Exhibits A and B).

44. **Admitted.** (*See* Defendants' Rule 56.1 Statement ¶¶ 4–5).

**PART II: DEFENDANTS' COUNTER-STATEMENT OF ADDITIONAL MATERIAL FACTS IN DISPUTE**

Pursuant to Local Civil Rule 56.1(b), Defendants submit that genuine issues of material fact exist as to the following facts precluding summary judgment in Plaintiff's favor:

1. **Family Relationship and Incorporation Arrangement:** Plaintiff married into the family of individual Defendants Gurpreet Singh ("Gurpreet") and Lakhvinder Singh ("Lakhvinder"). Because Lakhvinder had concerns regarding his immigration status, Defendants trusted Plaintiff as a family member and entered into an arrangement whereby Plaintiff placed his name on the incorporation documents for Topline NYC Contracting Inc. ("Topline") on or about November 30, 2018, and signed as nominal president when opening Topline's corporate bank account at Capital One, N.A..
2. **Plaintiff's Complete Absence from Corporate Operations:** Following the opening of the Capital One account, Plaintiff never performed any work for Topline at any warehouse, job site, office, or in any company vehicle, and never supervised or gave orders to any worker. Neither Plaintiff's wife, Surjit Kaur, nor Plaintiff's son, Amritpal Singh, ever worked for, held any position in, or served as an employee, vendor, or agent of Topline.
3. **Witness Testimony Confirming Plaintiff's Non-Involvement:** All individuals who actually performed work for Topline—including Lakhvinder Singh, Gurpreet Singh, Prabhjot Singh (foreman), Mukhbinder Singh (driver), Manpreet Singh (driver), Navjot Singh (foreman), Michelle Cardozo (office manager), and Clifton Moore (warehouse manager)—never saw Plaintiff, his wife, or his son at any Topline office, warehouse, truck, or work site.
4. **Plaintiff's Unauthorized Checks Totaling $83,916.00 (Exhibit A):** Despite having no operational role and no right to compensation, Plaintiff abused his signatory access to Topline's Capital One account (Account No. ******2087) by writing 14 unauthorized checks between October 2019 and July 2023 totaling **$83,916.00**:

- **Five (5) checks payable to Plaintiff himself totaling $49,500.00:** Check No. 1169 (12/23/2019) for $15,000.00; Check No. 1483 (03/29/2021) for $6,000.00; Check No. 0210 (01/24/2022) for $3,500.00; Check No. 0237 (03/25/2022) for $6,500.00; and Check No. 1103 (01/27/2023) for $18,500.00.
- **Four (4) checks payable to Plaintiff's wife, Surjit/Surjeet Kaur, totaling $19,149.00:** Check No. 0146 (01/13/2022) for $3,285.00; Check No. 0211 (01/24/2022) for

$3,000.00; Check No. 0236 (03/28/2022) for $6,500.00; and Check No. 1333 (07/08/2023) for $6,364.00 explicitly bearing the memo "Gift".

- **Four (4) checks payable to Plaintiff's son, Amritpal Singh, totaling $14,000.00:** Check No. 0149 (09/02/2021) for $3,500.00; Check No. 0150 (09/16/2021) for $3,500.00; Check No. 0151 (09/22/2021) for $3,500.00; and Check No. 0209 (01/24/2022) for $3,500.00.
- **One (1) check to an unclear payee:** Check No. 1112 (10/29/2019) for $1,267.00.

5. **Plaintiff's Unauthorized Withdrawals and Personal Vehicle Purchases Totaling $114,976.00 (Exhibit B):** Between July 2019 and November 2023, Plaintiff executed 30 unauthorized withdrawals from Topline's Capital One account totaling **$114,976.00**, including using corporate funds to purchase personal motor vehicles for himself:

- On August 12, 2019, Plaintiff withdrew $2,466.00 from Topline's account to purchase a **$2,455.00** Capital One cashier's check (Serial No. 9104496377) payable to **Martin's Farm Truck LLC**, listing "JOGINDER SINGH" on the remitter line.
- On January 19, 2021, Plaintiff withdrew $14,010.00 from Topline's account to purchase a **$14,000.00** Capital One cashier's check (Serial No. 9105310814) payable to **P.A.G Automotive Inc**, listing "JOGINDER SINGH" on the remitter line.
- Plaintiff executed an additional 28 cash withdrawals ranging from $1,000.00 to $9,000.00 per transaction, none of which had any legitimate business purpose.

6. **Plaintiff's Receipt of Disability, Unemployment, and Home Health Aide Benefits, Major Surgeries, and International Travel:** During the exact period Plaintiff claims he was actively employed by or serving as CEO/President of Topline (2018–2024):

- Plaintiff applied for and received **Social Security Disability ("SSD") benefits**, which legally require an inability to engage in substantial gainful activity;
- Plaintiff applied for and received **Medicaid benefits**, including having his son, Amritpal Singh, employed and paid as Plaintiff's **home health aide**;
- Plaintiff applied for and received **unemployment insurance benefits**;
- Plaintiff underwent two major surgeries—**triple bypass heart surgery** and **knee replacement surgery**—rendering him physically incapable of performing construction management or executive functions;

- Plaintiff made **10 to 20 international trips to India**, during which he was physically absent from the United States; and
- Plaintiff applied for and obtained a **COVID-era SBA loan** in connection with or on behalf of Topline.

7. **Total Documented Conversion Damages:** Through the unauthorized checks ($83,916.00) and unauthorized withdrawals ($114,976.00) alone, Plaintiff converted and embezzled at least **$198,892.00** from Defendants.

Dated: Mount Vernon, NY
November 13, 2026

Lila Ayers
______________________
Lila Ayers, Esq.